LAW OFFICES

# HUBBARD, TERRY & BRITT

A PROFESSIONAL CORPORATION

ATTORNEYS AND COUNSELORS AT LAW

293 STEAMBOAT ROAD      POST OFFICE BOX 340

IRVINGTON, VIRGINIA 22480

TELEPHONE (804) 438-5522

TELECOPIER (804) 438-5003

MATSON C. TERRY, II
B. H. B. HUBBARD, III
RAYMOND L. BRITT, JR., PLLC

MICHAEL L. DONNER, SR.
WILLIAM B. HUBBARD

OF COUNSEL:
WILLIAM J. KOPCSAK

February 12, 2009

*Via UPS Overnight Delivery*
Mr. Bevill M. Dean, Clerk
Richmond City Circuit Court
400 North Ninth Street
John Marshall Courts Building
Richmond, VA 23219

Re:   *Simons Hauling Co., Inc. v. Stony Point Land, Inc.*
       Richmond Circuit Court

Dear Mr. Dean,

Please file the enclosed Complaint.   I have enclosed a service copy of the Complaint.   Please prepare the Summons and forward the resulting process to the appropriate sheriff for service on the defendant's registered agent.   That agent's address is shown on the face of the Complaint.

I have enclosed my office's check for $116 to cover the filing fee ($104) and the service cost ($12).

Sincerely yours,

*Michael P. Donner, Sr.*

Michael L. Donner, Sr.

MLD/

cc:    Philip C. Baxa, Esq.
        Simons Hauling Company, Inc.

enclosure



RECEIVED

FEB 17 2008

MercerTrigiani LLP

EXHIBIT

1

VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

SIMONS HAULING COMPANY, INC.,

       Plaintiff,

v.

No. _____

STONY POINT LAND, INC.

       Defendant.

Serve: Edward B. Kidd
      Registered Agent for Stony Point Land, Inc.
      1001 Haxall Point
      15th Floor
      Richmond, Virginia 23218

## COMPLAINT

The plaintiff, Simons Hauling Company, Inc. ("Simons") seeks to adjudicate the validity of, and Simons' payment due under, a previously filed mechanics' lien, which lien, subsequent to its filing, has been released pursuant to Va. Code §43-71.

### Jurisdiction and Venue

1.     Both jurisdiction and venue lie properly in this Court pursuant to Va. Code §43-22.

### Parties

2.     The plaintiff is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in Richmond, Virginia.

3.     The defendant, Stony Point Land, Inc. ("Stony Point") is a corporation organized under the laws of the Commonwealth of Virginia, with its principal place of business in Richmond, Virginia. Stony Point is the entity that paid sufficient cash into this Court pursuant to Va. Code §43-71 to release Simons' previously-filed mechanics' lien

1

4.     Pursuant to *Kane v. NuScope*, 243 Va. 503, 416 S.E.2d 701 (1992), there are no other parties necessary to the adjudication of this suit other that Stony Point, the entity that posted the Va. Code §43-71 cash bond to release Simons' lien.

## COUNT I
### Validity of Mechanic's Lien and Payment Due Simons From Va. Code §43-71 Cash Deposit

5.     Simons entered into a construction contract ("the Contract") with Stony Point dated September 14, 2006.  **Exhibit 1.**  Simons was denoted "the Contractor" on the construction project at Riverwatch Subdivision in the City of Richmond, Virginia.

6.     Simons did fully perform in accordance with the terms of the Contract, and Simons did furnish the necessary labor and materials to complete its obligations under the Contract.

7.     By letter dated August 7, 2008, Stony Point's agent, Loftis Real Estate & Development, Inc., informed Simons that Stony Point would not be paying Simons' Applications for Payment Nos. 11-14.  **Exhibit 2.**  These unpaid Applications for Payment totaled $97,973.98.  Stony Point continued to hold a retainage due to Simons of $80,696.59.  Thus, the total amount that Stony Point owed Simons under the Contract totaled $178,670.57 as of August 15, 2008.  The verified itemized statement of account required by Va. Code §43-22 is attached as **Exhibit 3** to this Complaint.

8.     The $178,670.57 as of August 15, 2008 that Stony Point owed Simons under the Contract was for labor and materials that Simons provided to the Riverwatch Subdivision.

9.     On August 15, 2008, Simons filed and recorded in the Clerk's office of this Court a Memorandum of Mechanics' Lien for the $178,670.57 worth of labor and materials that Simons had provided to the Riverwatch jobsite.  **Exhibit 4.**  Simons filed and recorded in the Clerk's office of this Court the Memorandum of Disclosure required by Va. Code §43-3(B).  **Exhibit 5.**

2

10.     Simons' provided the Notice to Owner required by Va. Code §43-4 by Certified and Electronic Mail on August 15, 2008.  **Exhibit 6.**

11.     By order dated September 17, 2008, in *Stony Point Land, Inc. v. Simons Hauling Co., Inc.,* Case No. CL08-4029-6, this Court granted Stony Point's application to discharge Simons mechanics' lien for Stony Point's payment into Court of $178,670.57 pursuant to Va. Code §43-71.  **Exhibit 7.**   Stony Point made the payment, and the Court's September 17, 2008 order released Simons' lien.   Subsequently, the Court, by ordered dated January 13, 2009, allowed Stony Point to reduce to $131,396.34 the amount of funds held on deposit sufficient to release Simons' mechanics' lien.  **Exhibit 8.**

12.     Simons has timely filed this suit within six months of August 15, 2008.

WHEREFORE, Simons moves this Court for the following relief:

13.     Simons moves this Court for a judgment pursuant to Va. Code §43-71:

    a.     Adjudicating Simons' mechanics' lien as valid;

    b.     Ascertaining the true debt owed by Stony Point to Simons;

    c.     Determining the amount which Simons' mechanics' lien would have been enforceable against the real estate to which the lien applied; and

    d.     Ordering that the amount at which the Court finds the Simons' mechanics' lien would have been enforced be paid to Simons from the cash bond proceeds held by the Court pursuant to Va. Code §43-71, with prejudgment interest on the amount awarded from April 15, 2008 at 8% as required by the Contract, and with post-judgment interest at the statutory rate until paid in full.

SIMONS HAULING COMPANY, INC.

By: _Michael R. Donner, Jr._

Of Counsel

3

Michael L. Donner, Sr., Esq.
HUBBARD, TERRY & BRITT, P.C.
293 Steamboat Road
P.O. Box 340
Irvington, Virginia 22480
(804) 438-5522 (voice)
(804) 438-5003 (facsimile)
mdonner@irvingtonlaw.com
Counsel for the plaintiff

# Standard Form of Agreement Between Owner and Contractor
*where the basis of payment is a STIPULATED SUM*

AIA Document A101 1997 Edition

**AGREEMENT** made as of the day of the <u>14th</u> day of <u>December, 2006</u>

BETWEEN the Owner:     **Stony Point Land, Inc.**
**c/o Loftis Real Estate & Development, Inc.**
**8401 Mayland Dr.**
**Richmond, VA 23294**

and the Contractor:     **Simons Hauling Co., Inc.**
**4510 Oakleys Lane**
**PO Box 7733**
**Richmond, VA 23231**

The Architect is:     **Balzer and Associates, Inc.**
**501 Branchway Road**
**Richmond, VA 23236**

The Project is:     **Riverwatch Subdivision**
**City of Richmond, VA**

The Owner and Contractor agree as follows:

**ARTICLE 1 THE CONTRACT DOCUMENTS** The Contract Documents consist of this Agreement, Conditions of the Contract (General, Supplementary and other Conditions), Drawings, Specifications, Addenda issued prior to execution of this Agreement, other documents listed in this Agreement and Modifications issued after execution of this Agreement; these form the Contract, and are as fully a part of the Contract as if attached to this Agreement or repeated herein. The Contract represents the entire and integrated agreement between the parties hereto and supersedes prior negotiations, representations or agreements, either written or oral. An enumeration of the Contract Documents, other than Modifications, appears in Article 8.

**ARTICLE 2 THE WORK OF THIS CONTRACT** The Contractor shall fully execute the Work described in the Contract Documents, except to the extent specifically indicated in the Contract Documents to be the responsibility of others.

**ARTICLE 3 DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION**

**3.1** The date of commencement of the Work shall be the date of this Agreement unless a different date is stated below or provision is made for the date to be fixed in a notice to proceed issued by the Owner.
*(Insert the date of commencement if it differs from the date of this Agreement or, if applicable, state that the date will be fixed in a notice to proceed.)*

**The date of commencement of the Work shall be the date Contractor receives from Owner a Notice to Proceed. Such date is anticipated to be January 3, 2007, or as soon thereafter as practicable following issuance by the City of Richmond of all permits necessary to perform the Work.**

If, prior to the commencement of the Work, the Owner requires time to file mortgages, mechanic's



liens and other security interests, the Owner's time requirement shall be as follows:

**3.2** The Contract Time shall be measured from the date of commencement.

**3.3** The Contractor shall achieve Substantial Completion of the entire Work not later than **May 18, 2007.** ~~————————days from the date of commencement, or as follows: (Insert number of calendar days. Alternatively, a calendar date may be used when coordinated with the date of commencement. Unless stated elsewhere in the Contract Documents, insert any requirements for earlier Substantial Completion of certain portions of the Work.)~~

**If Owner issues the Notice to Proceed after January 3, 2007, the date of Substantial Completion shall extend one (1) day for each day following January 3, 2007 until Notice to Proceed is issued by Owner.**

**The Work shall be performed generally in accordance with the construction schedule attached hereto**

, subject to adjustments of this Contract Time as provided in the Contract Documents.
*(Insert provisions, if any, for liquidated damages relating to failure to complete on time or for bonus payments for early completion of the Work.)*

## ARTICLE 4 CONTRACT SUM

**4.1** The Owner shall pay the Contractor the Contract Sum in current funds for the Contractor's performance of the Contract. The Contract Sum shall be **Eight Hundred Thirty-five Thousand Five Hundred Sixty-six and 22/100** Dollars (**$835,566.22**), subject to additions and deductions as provided in the Contract Documents.

**4.2** The Contract Sum is based upon the following alternates, if any, which are described in the Contract Documents and are hereby accepted by the Owner:

*(State the numbers or other identification of accepted alternates. If decisions on other alternates are to be made by the Owner subsequent to the execution of this Agreement, attach a schedule of such other alternates showing the amount for each and the date when that amount expires.)*

**4.3** Unit prices, if any, are as follows:

**See bid schedule attached hereto as Exhibit A**

## ARTICLE 5 PAYMENTS

### 5.1 PROGRESS PAYMENTS

**5.1.1** Based upon Applications for Payment submitted to the Architect by the Contractor and Certificates for Payment issued by the Architect, the Owner shall make progress payments on account of the Contract Sum to the Contractor as provided below and elsewhere in the Contract Documents.

**5.1.2** The period covered by each Application for Payment shall be one calendar month ending on the last day of the month, or as follows:

**5.1.3** Provided that an Application for Payment is received by the Architect not later than the __25th__ day of a month, the Owner shall make payment to the Contractor not later than the __25th__ day of a month. If an Application for Payment is received by the Architect after the application date fixed above, payment shall be made by the Owner not later than **thirty (30)** days after the Architect receives the Application for Payment.

**5.1.4** Each Application for Payment shall be based on the most recent schedule of values submitted by the Contractor in accordance with the Contract Documents. The schedule of values shall allocate the entire Contract Sum among the various portions of the Work. The schedule of values shall be prepared in such form and supported by such data to substantiate its accuracy as the Architect may require. This schedule, unless objected to by the Architect, shall be used as a basis for reviewing the Contractor's Applications for Payment.

**5.1.5** Applications for Payment shall indicate the percentage of completion of each portion of the Work as of the end of the period covered by the Application for Payment.

**5.1.6** Subject to other provisions of the Contract Documents, the amount of each progress payment shall be computed as follows:

.1 Take that portion of the Contract Sum properly allocable to completed Work as determined by multiplying the percentage completion of each portion of the Work by the share of the Contract Sum allocated to that portion of the Work in the schedule of values, less retainage of **Ten percent (10%) until such time as one-half (½) of the Contract Sum has been paid, and zero percent (0%) thereafter**. Pending final determination of cost to the Owner of changes in the Work, amounts not in dispute shall be included as provided in Subparagraph 7.3.8 of AIA Document A201-1997;
.2 Add that portion of the Contract Sum properly allocable to materials and equipment delivered and suitably stored at the site for subsequent incorporation in the completed construction (or, if approved in advance by the Owner, suitably stored off the site at a location agreed upon in writing), less retainage of **five percent (5%)**;
.3        Subtract the aggregate of previous payments made by the Owner; and
.4   Subtract amounts, if any, for which the Architect has withheld or nullified a Certificate for Payment as provided in Paragraph 9.5 of AIA Document A201-1997.

**5.1.7** The progress payment amount determined in accordance with Subparagraph 5.1.6 shall be further modified under the following circumstances:

.1        Add, upon Substantial Completion of the Work, a sum sufficient to increase the total payments to the full amount of the Contract Sum, less such amounts as the Architect shall determine for incomplete Work, retainage applicable to such work and unsettled claims; and *(Subparagraph 9.8.5 of AIA Document A201-1997 requires release of applicable retainage upon Substantial Completion of Work with consent of surety, if any.)*
.2        Add, if final completion of the Work is thereafter materially delayed through no fault of the Contractor, any additional amounts payable in accordance with Subparagraph 9.10.3 of AIA Document A201-1997.

**5.1.8** Reduction or limitation of retainage, if any, shall be as follows:
*(If it is intended, prior to Substantial Completion of the entire Work, to reduce or limit the retainage resulting*
*from the percentages inserted in Clauses 5.1.6.1 and 5.1.6.2 above, and this is not explained elsewhere in the*
*Contract Documents, insert here provisions for such reduction or limitation.)*

**5.1.9** Except with the Owner's prior approval, the Contractor shall not make advance payments to suppliers for materials or equipment which have not been delivered and stored at the site.

### 5.2 FINAL PAYMENT

**5.2.1** Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when:

.1 the Contractor has fully performed the Contract except for the Contractor's responsibility to correct Work as provided in Subparagraph 12.2.2 of AIA Document A201-1997, and to satisfy other requirements, if any, which extend beyond final payment; and
.2 a final Certificate for Payment has been issued by the Architect.

**5.2.2** The Owner's final payment to the Contractor shall be made no later than 30 days after the issuance of the Architect's final Certificate for Payment, or as follows:


## ARTICLE 6 TERMINATION OR SUSPENSION

**6.1** The Contract may be terminated by the Owner or the Contractor as provided in Article 14 of AIA Document A201-1997.

**6.2** The Work may be suspended by the Owner as provided in Article 14 of AIA Document A201-1997.

## ARTICLE 7 MISCELLANEOUS PROVISIONS

**7.1** Where reference is made in this Agreement to a provision of AIA Document A201-1997 or another Contract Document, the reference refers to that provision as amended or supplemented by other provisions of the Contract Documents.

**7.2** Payments due and unpaid under the Contract shall bear interest from the date payment is due at the rate stated below, or in the absence thereof, at the legal rate prevailing from time to time at the place where the Project is located.  **Eight percent (8%)**
*(Insert rate of interest agreed upon, if any.)*


*(Usury laws and requirements under the Federal Truth in Lending Act, similar state and local consumer credit laws and other regulations at the Owner's and Contractor's principal places of business, the location of the Project and elsewhere may affect the validity of this provision. Legal advice should be obtained with respect to deletions or modifications, and also regarding requirements such as written disclosures or waivers.)*

**7.3** The Owner's representative is:      **Rob Loftis**
**Loftis Real Estate & Development, Inc.**
**8401 Mayland Dr.**
**Richmond, VA  23294**


**7.4** The Contractor's representative is:
*(Name, address and other information)*

**7.5** Neither the Owner's nor the Contractor's representative shall be changed without ten days' written notice to the other party.

**7.6** Other provisions:

**See Supplementary Conditions attached hereto.**

## ARTICLE 8 ENUMERATION OF CONTRACT DOCUMENTS

**8.1** The Contract Documents, except for Modifications issued after execution of this Agreement, are enumerated as follows:

**8.1.1** The Agreement is this executed 1997 edition of the Standard Form of Agreement Between Owner and Contractor, AIA Document A101-1997.

**8.1.2** The General Conditions are the 1997 edition of the General Conditions of the Contract for Construction, AIA Document A201-1997.

**8.1.3** The Supplementary and other Conditions of the Contract are those contained in the Project Manual dated __N/A_____, and are as follows:

| Document | Title | Pages |
|---|---|---|
| | | |

**8.1.4** The Specifications are those contained in the Project Manual dated ___N/A_____ as in Subparagraph 8.1.3, and are as follows:
*(Either list the Specifications here or refer to an exhibit attached to this Agreement.)*

| Section | Title | Pages |
|---|---|---|
| | | |

**8.1.5** The Drawings are as follows, and are dated **attached hereto as a part hereof** ~~unless a different date is shown below:~~

| Number | Title | Date: |
|---|---|---|
| 1 of 10 | Cover | 3/7/06, as revised on 5/5/06, 7/17/06, 8/31/06 and 9/15/06 |
| 2 of 10 | Overall | 3/7/06, as revised on 5/5/06, 7/17/06, 8/31/06 and 9/15/06 |
| 3 of 10 | Plan Sheet | 3/7/06, as revised on 5/5/06, 7/17/06, 8/31/06 and 9/15/06 |
| 4 of 10 | Plan Sheet | 3/7/06, as revised on 5/5/06, 7/17/06, 8/31/06 and 9/15/06 |
| 5 of 10 | Plan Sheet | 3/7/06, as revised on 5/5/06, 7/17/06, 8/31/06 and 9/15/06 |
| 5a of 10 | Grading Plan Sheet | 3/7/06, as revised on 5/5/06, 7/17/06, 8/31/06 and 9/15/06 |
| 5b of 10 | Filterra Plan | 3/7/06, as revised on 5/5/06, 7/17/06, 8/31/06 and 9/15/06 |
| 6 of 10 | Profile Sheet | 3/7/06, as revised on 5/5/06, 7/17/06, 8/31/06 and 9/15/06 |
| 7 of 10 | Profile Sheet | 3/7/06, as revised on 5/5/06, 7/17/06, 8/31/06 and 9/15/06 |
| 8 of 10 | Profile Sheet | 3/7/06, as revised on 5/5/06, 7/17/06, 8/31/06 and 9/15/06 |

8.1.6 The Addenda, if any, are as follows:  __N/A__

Number          Date                       Pages

Portions of Addenda relating to bidding requirements are not part of the Contract Documents unless the bidding requirements are also enumerated in this Article 8.

8.1.7 Other documents, if any, forming part of the Contract Documents are as follows:
*(List here any additional documents that are intended to form part of the Contract Documents. AIA Document A201-1997 provides that bidding requirements such as advertisement or invitation to bid, Instructions to Bidders, sample forms and the Contractor's bid are not part of the Contract Documents unless enumerated in this Agreement. They should be listed here only if intended to be part of the Contract Documents.)*

- **__Exhibit A__ Bid Schedule**
- **__Exhibit B__ Construction Schedule**
- **__Addendum 1__ Contractor Insurance (in this Addendum 1, the word Subcontractor is intended to and shall mean the Contractor)**
- **Examples of Rock Excavation Specifications**
- **Supplementary Conditions to this Agreement**

This Agreement is entered into as of the day and year first written above and is executed in at least three original copies, of which one is to be delivered to the Contractor, one to the Architect for use in the administration of the Contract, and the remainder to the Owner.

**OWNER** *(Signature)*                                   **CONTRACTOR** *(Signature)*

Mark A. Putney, President                                  Joseph A. Simons IV, V.P.
*(Printed name and title)*                                      *(Printed name and title)*

# SIMONS HAULING CO., INC.

## Project: Riverwatch

| ITEM | DESCRIPTION | QTY. | UNIT | TOTAL COST |
|------|-------------|------|------|-----------|
| 1045 | 6" WYE W/ACC | 10.00 | EA | $ 1,598.30 |
| 1046 | 6" 45 BEND W/ACC | 10.00 | EA | $ 1,476.64 |
| 1047 | 8X6 TEE W/ACC | 10.00 | EA | $ 1,681.68 |
| 1048 | SANITARY SERVICE SADDLE TO TIE INTO EXIST | 1.00 | EA | $ 3,080.00 |
| 1049 | MH-1 H=9.83 | 1.00 | EA | $ 4,763.39 |
| 1050 | MH-2 H=26.00 | 1.00 | EA | $ 19,972.15 |
| 1051 | MH-3 H=6.77 | 1.00 | EA | $ 3,758.32 |
| 1052 | MH-4 H=9.92 | 1.00 | EA | $ 4,726.43 |
| 1053 | MH-5 H=8.57 | 1.00 | EA | $ 4,561.26 |
| 1054 | MH-6 H=7.65 | 1.00 | EA | $ 4,478.76 |
| 1055 | MH-7 H=6.17 | 1.00 | EA | $ 3,872.66 |
| 1056 | MH-8 H=6.27 | 1.00 | EA | $ 3,803.36 |
| 1057 | MH-9 H=10.06 | 1.00 | EA | $ 4,226.09 |
| 1058 | CONCRETE ANCHORS | 10.00 | EA | $ 10,450.00 |
| 1059 | MANHOLE FRAME AND COVERS- | 9.00 | EA | $ 3,759.53 |
| 1060 | TRENCH EXC. WASTE | 400.00 | CY | $ 5,720.00 |
| 1061 | STONE BEDDING/BACKFILL | 650.00 | TN | $ 12,047.75 |
| 1062 | TESTING | 1.00 | LS | $ 1,650.00 |
| 1063 | ASPHALT TRENCH REPAIR | 15.00 | SY | $ 2,887.50 |
| | **WATERLINE** | | | |
| 1064 | 6" PLUG | 1.00 | EA | $ 307.56 |
| 1065 | 2" FLUSHING HYDRANT W/ACC & RESTRAINTS | 1.00 | EA | $ 2,139.50 |
| 1066 | 6" DI (CL150 PIP) | 1,012.00 | LF | $ 48,001.18 |
| 1067 | TIE INTO EXIST. 12" WATERLINE | 1.00 | EA | $ 5,555.00 |
| 1068 | FIRE HYDRANT | 2.00 | EA | $ 4,412.10 |
| 1069 | 6" GATE VALVE AND BOX W/ACC & RESTAINTS | 2.00 | EA | $ 2,258.30 |
| 1070 | 8 X 6 HYDRANT TEE W/MEGA LUGS | 2.00 | EA | $ 934.78 |
| 1071 | DOMESTIC CONNECTION-1" TYPE K COPPER | 360.00 | LF | $ 9,872.28 |
| 1072 | 8 X 1 CORP STOP & SADDLE | 13.00 | EA | $ 8,687.11 |
| 1073 | 5/8 METER SERVICE | 13.00 | EA | $ 12,676.95 |
| 1074 | MJ 16X 6 TAPPING SLEEVE AND VALVE | 1.00 | EA | $ 1,614.09 |
| 1075 | TRENCH EXC. WASTE | 200.00 | CY | $ 2,860.00 |
| 1076 | STONE BEDDING/BACKFILL | 375.00 | TN | $ 6,950.63 |
| 1077 | TESTING/FLUSHING | 1.00 | LS | $ 2,200.00 |
| 1078 | STREET TIE-IN | 1.00 | LS | $ 5,500.00 |
| | **SITEWORK** | | | |
| 1079 | PRESSURE TREATED BARRICADE GATE 18' LF | 1.00 | LS | $ 990.00 |
| | | | **TOTAL BASE BID** | **$ 835,566.22** |

### ALTERNATE ADD

| | | | | |
|---|---|---|---|---|
| 1 | PRIME IF REQUIRED | 1.00 | SY | $ 1.38 |
| 2 | ROCK EXCAVATION | 1.00 | CY | $ 78.00 |
| 3 | UNDERCUT & BACKFILL W/DIRT | 1.00 | CY | $ 30.00 |

### EQUIPMENT RATES

| | | | | |
|---|---|---|---|---|
| 1 | DOZER | 1.00 | HR | $ 92.50 |
| 2 | LOADER | 1.00 | HR | $ 85.00 |
| 3 | EXCAVATOR | 1.00 | HR | $ 115.00 |
| 4 | ROLLER | 1.00 | HR | $ 50.00 |

REVISED 12/14/06

# SIMONS HAULING CO., INC.

## Project: Riverwatch

| ITEM | DESCRIPTION | QTY. | UNIT | TOTAL COST |
|------|-------------|------|------|-----------|
| 5 | DUMP TRUCK | 1.00 | HR | $ 55.00 |

**EXCLUSIONS:**
BONDS - ADD 1.25%
PERMITS & FEES
SHEETING & SHORING
HARD PAN & ROCK EXCAVATION
SOIL & CONCRETE TESTING
ELECTRICAL
IRRIGATION
LANDSCAPING
STAKING FOR OTHERS
PIPE GROUTING
AS BUILTS
DUMPSTER WALLS & GATES
GAS
STRIPING

**AT THE OWNERS' REQUEST, SIMONS HAS DELETED THE SURVEY PORTION OUT OF THIS ESTIMATE THEREFORE, THE OWNER WILL BE RESPONSIBLE FOR ANY AND ALL COSTS FOR RESTAKING AND ANY ADDITIONAL STAKING REQUIRED OR REQUESTED BY SIMONS THROUGHOUT THE PROJECT.**

December 8, 2006

"EXHIBIT B" TO AGREEMENT
(1 PAGE)

# Riverwatch Construction Schedule

| Task | Start | Finish |
|------|-------|--------|
| Mobilization | 1/3/07 | 1/5/07 |
| Survey Layout | 1/3/07 | 1/4/07 |
| Clear & Grubb | 1/8/07 | 1/19/07 |
| Building Demo | 1/15/07 | 1/16/07 |
| Construction Entrance | 1/4/07 | 1/4/07 |
| Silt Fence | 1/22/07 | 1/26/07 |
| Strip Topsoil | 1/22/07 | 1/24/07 |
| Install Storm Sewer | 1/25/07 | 2/15/07 |
| Install Sanitary Sewer | 2/16/07 | 3/23/07 |
| Install Water Line | 3/26/07 | 4/13/07 |
| Grade Roadway | 4/16/07 | 4/20/07 |
| Place Stone Subbase | 4/23/07 | 4/27/07 |
| Pour Curb / Gutter | 4/30/07 | 5/4/07 |
| Asphalt Paving | 5/7/07 | 5/9/07 |
| Place Topsoil and Seed | 5/10/07 | 5/18/07 |

## Addendum 1

The Subcontractor shall purchase and maintain insurance of the following types of coverage and limits of liability:

1.    Workmen's Compensation Insurance with statutory limits and Employer's Liability Insurance of $500,000 for one accident or aggregate disease.

2.    Commercial General Liability - Including products and completed operations coverage; $1,000.00 each occurrence; no exclusion for X, C, and U hazards allowed.

3.    Comprehensive Automobile Liability:

| a. | Bodily Injury | $1,000,000 Each Person<br>$1,000,000 Each Occurrence |
|----|---------------|------------------------------------------------------|
| b. | Property Damage | $1,000,000 Each Occurrence |

4.    Umbrella Liability Insurance    $2,000,000 Each Occurrence

5.    The Subcontractor shall name as additional insureds on the CGL policy those property owners requesting this, if the work will take place on their property. The Subcontractor shall provide Certificates of Insurance evidencing this to the General, Contractor, property owners, and Owner's Risk Manager.

#1056120v2

16

# Examples of Rock Excavation Specifications

**Rock Definition:**

Rock:

> Hard bed rock, boulders (more than 1 cu yd in size) or similar material requiring the use of rock drills and/or explosives for removal. The criteria for classification of general excavation as rock is any material which cannot be dislodged by a Caterpillar D-8 Tractor, or equivalent, equipped with a single tooth, hydraulically-operated, power ripper.

> The criteria for trench rock shall be that a Caterpillar 345 Backhoe, or equivalent, with a proper width bucket cannot remove the material.

**Excavation:**

Rock Excavation:

> If rock is encountered, the Owner's Geotechnical Engineer will verify that the material qualifies for classification as rock excavation.

I. A surveyor licensed in the Commonwealth of Virginia and employed by the Contractor shall calculate the quantity of material removed as Rock Excavation. The quantity of rock calculated shall not exceed the volume determined by the payment limits. The Owner's Project Representative shall review the quantity calculated within 48 hours of receiving the survey notes. The cost of quantifying the material shall be included in the negotiated amount for Rock Excavation (Mass and Trench).

> If rock is encountered in grading, remove to depths as follows:

1. Under surfaced areas, to 6" under the respective subgrade for such areas.
2. Under grass and planted areas - 12" minimum.
3. Under footings - 12" below bottom of footing. One foot outside of perimeter of footing.

> Blasting may be done only if authorized by the Owner and local authorities having jurisdiction. When explosives are used, experienced powdermen or persons who are licensed or otherwise authorized to use explosives shall execute the work. Explosives shall be stored, handled, and used in accordance with local regulations and with the "Manual of Accident Prevention in Construction" of the Associated General Contractor of America, Inc. Correct any damage to foundations or other work caused by use of explosives. Meeting the requirements of blasting permit, if issued, is a Contract responsibility.

# SUPPLEMENTARY CONDITIONS
### Riverwatch Subdivision
### City of Richmond, Virginia

The following modifies the AIA Document A101-1997 Standard Form of Agreement Between Owner and Contractor where the basis of the payment is a stipulated sum, of Stony Point Land, Inc., and supersedes them only whenever they are in conflict.

## Article 1  THE CONTRACT DOCUMENTS

Insert the words "Article 8 of" between the words "in" and "this" in the third line of Article 1.

## Article 3  DATE OF COMMENCEMENT AND SUBSTANTIAL COMPLETION

3.3     Insert the following after the word "shall" in the first line of Paragraph 3.3:
"promptly commence and diligently prosecute the Work and"

3.4     Add the following new Paragraph 3.4:
"All times stated in the Contract Documents, including, without limitation, those for the commencement, prosecution, interim milestones, and completion of the Work, and for the delivery and installation of materials and equipment, are of the essence in this Agreement."

## Article 4  CONTRACT SUM

4.2.    Replace Paragraph 4.2 in its entirety with the following:
Alternatives.
4.2.1.  The Contract Sum does not include the alternatives which are described in Exhibit A under the heading "Alternate Add". The Owner may accept such alternatives in writing, provided, however, that the Contractor shall furnish the Owner with no less than fourteen (14) days' prior written notice of the date upon which any of the alternatives set forth in this Paragraph 4.2.1 must be accepted by the Owner in order for the Contractor to perform the Work covered by such alternatives for the prices set forth in Exhibit A and without any adjustment to a milestone date or in the Contract Time. In the event the Owner elects not to proceed with such alternatives, the Owner shall have the right to terminate this Contract in accordance with Article 6."

4.3     Replace Paragraph 4.3 in its entirety with the following:
"Unit prices for the Work are set forth in Exhibit A. The Contract Sum includes all equipment costs in connection with the Work, except as set forth in this paragraph. To the extent any alternatives are accepted by the Owner pursuant to paragraph 4.2.1 of this Agreement, the unit prices for the alternatives and the equipment used in connection with the alternatives, shown under the headings "Alternate Add" and "Equipment Rates", respectively, are considered complete and include (i) all materials, equipment, labor, delivery, installation, overhead, and profit and (ii) any other costs or expenses in connection with, or incidental to, the performance of that portion of the Work to which such unit prices apply."

## Article 5  PAYMENTS

5.1.1   Insert the words "including all supporting documentation" between the words "Payment" and "submitted" in the first line of Paragraph 5.1.1., and insert the words "and the Owner" between the words "Architect" and "by" in the first line of Paragraph 5.1.1.

5.1.5   Insert the following at the end of Paragraph 5.1.5: "and shall include any documents required pursuant to Paragraph 9.3.1 of AIA Document A201-1997, as modified or supplemented."

5.2.3   Add the following Paragraph 5.2.3:
"Final payment is further subject to the Owner's receipt from the Contractor of all as-built drawings, certifications, maintenance manuals, operating instructions, written guarantees, warranties, and bonds relating to the Work, and assignments of all guarantees and warranties from subcontractors, vendors, suppliers, or manufacturers, all as required by the Contract Documents."

## Article 7  MISCELLANEOUS PROVISIONS

Add the following new subparagraphs to Paragraph 7.6:

7.6.1   The Contractor represent and warrants the following to the Owner as an inducement to the Owner to execute this Agreement, which representations and warranties shall survive the execution and delivery of this Agreement, any termination of this Agreement, and the final completion of the Work:

    (i)    that it is authorized to do business in the Commonwealth of Virginia and properly licensed by all necessary governmental and public and quasi-public authorities having jurisdiction over it and over the Work and the Project; and

    (ii)   that its execution of this Agreement and its performance thereof is within its duly authorized powers.

## Article 8  ENUMERATION OF CONTRACT DOCUMENTS

Add the words ", as modified or supplemented" to the end of Paragraphs 8.1.1 and 8.1.2.

Doc#1532780v3

2

## SUPPLEMENTARY CONDITIONS
### Riverwatch Subdivision
### City of Richmond, Virginia

Modifications to General Conditions:

The following modifies the General Conditions of the Contract for Construction, AIA Document A201, 1997 Edition, of Stony Point Land, Inc., and supersedes them only whenever they are in conflict.

### Article 1  GENERAL PROVISIONS
1.1.8  Add the following new Subparagraph 1.1.8:
>**1.1.8 KNOWLEDGE**
>The terms "knowledge," "recognize," and "discover," their respective derivatives, and similar terms in the Contract Documents, as used in reference to the Contractor, shall be interpreted to mean that which the Contractor knows (or should know), recognizes (or should recognize), and discovers (or should discover) in exercising the care, skill, and diligence required by the Contract Documents. Analogously, the expression "reasonably inferable" and similar terms in the Contract Documents shall be interpreted to mean reasonably inferable by a contractor familiar with the Project and exercising the care, skill, and diligence required of the Contractor by the Contract Documents, except with respect to any exclusions described in the bid schedule attached as Exhibit A to the Contract.

1.5.2  Add the following at the end of Subparagraph 1.5.2: "The Owner assumes no responsibility or liability for the physical condition or safety of the Project site or any improvements located on the Project site. Except as set forth in Paragraph 10.3, the Contractor shall be solely responsible for providing a safe place for the performance of the Work conducted by Contractor or on Contractor's behalf. The Owner shall not be required to make any adjustment in either the Contract Sum or the Contract Time in connection with any failure by the Contractor or any Subcontractor to have complied with the requirements of this Subparagraph 1.5.2."

### Article 2  OWNER
2.1.1  Replace the last sentence of Subparagraph 2.1.1 with the following: "The term "Owner" refers to STONY POINT LAND, INC., a Virginia corporation. MARK A. PUTNEY and LILA H. PUTNEY are hereby designated by the Owner as its representatives and are authorized to act on behalf of the Owner, unless a new representative is subsequently designated in writing by the Owner.

### Article 3  CONTRACTOR
3.2.1  Add the following sentence to the end of Subparagraph 3.2.1: "In the event the Contractor identifies and mistakes, errors or inconsistencies as to the accuracy of any grades, elevations, dimensions, and locations given on any Drawings issued by the Architect, the Contractor shall immediately notify the Owner.

3.5.1 Replace the word "may" with the word "shall" in the fifth line of Subparagraph 3.5.1.

3.5.2 Add the following new Subparagraph 3.5.2:
3.5.2 The Contractor agrees to assign to the Owner at the time of final completion of the Work any and all manufacturer's warranties relating to materials and labor used in the Work and further agrees to perform the Work in such manner so as to preserve any and all such manufacturer's warranties.

3.7.3 Add the following at the end of the first sentence in Subparagraph 3.7.3: "unless such laws, statutes, ordinances, building codes, and rules and regulations bear upon the performance of the Work."

3.13 Add the following subparagraphs to Paragraph 3.13:

3.13.2 The Work shall be performed, to the fullest extent reasonably possible, in such a manner that public areas adjacent to the site of the Work shall be free from all debris, building materials, and equipment likely to cause hazardous conditions.

3.13.3 The Contractor and any entity for whom the Contractor is responsible shall not erect any sign on the Project site without the prior written consent of the Owner, which may be withheld in the sole discretion of the Owner.

3.13.4 Without limitation of any other provision of the Contract Documents, the Contractor shall use best efforts to minimize any interference with the occupancy or beneficial use of any areas and buildings adjacent to the site of the Work.

3.18 Add the following new Subparagraphs 3.18.3 and 3.18.4:
3.18.3 The Contractor's indemnity obligations under this Paragraph 3.18 shall also specifically include, without limitation, all fines, penalties, damages, liability, costs, expenses (including, without limitation, reasonable attorneys' fees), and punitive damages (if any) arising out of, or in connection with, any (i) means, methods, procedures, techniques, or sequences of execution or performance of the Work, and (ii) failure to secure and pay for permits, fees, approvals, licenses, and inspections as required under the Contract Documents, or any violation of any permit or other approval of a public authority applicable to the Work, by the Contractor, a Subcontractor, or any person or entity for whom either is responsible.
3.18.4 The Contractor shall indemnify and hold harmless all of the Indemnitees from and against any costs and expenses (including reasonable attorneys' fees) incurred by any of the Indemnitees in enforcing any of the Contractor's defense, indemnity, and hold-harmless obligations under this Section 3.18.

3.18.1 Delete all language beginning with the words "and to the extent" beginning in the first line of Subparagraph 3.18.1 and continuing through the cross-reference to "Section 11.3" in the second line.

## Article 4  ADMINISTRATION OF THE CONTRACT

4.3.10   Replace Subparagraph 4.3.10 in its entirety with the following:
     4.3.10   The Contractor and Owner waive all claims against each other for consequential damages arising out of or relating to this Contract; provided, however, that in no event shall this mutual waiver be deemed to preclude the obligation of the Contractor to reimburse the Owner for any fines from governmental entities or additional costs and expenses for the Architect or other consultants, or separate contractors, arising out of any act or omission of the Contractor.

4.6.6   Replace Subparagraph 4.6.6 in its entirety with the following:
     4.6.6   Arbitrator's Award.  The award rendered by the arbitrator or arbitrators shall not be final and/or binding on the parties unless the parties specifically agree otherwise in writing.  This Paragraph 4.6 does not limit the right of any party to exercise any or all of its rights or remedies at law or equity, including, but not limited to, the right to institute legal or equitable proceedings with respect to any Claim or Claims arising out of or related to the Contract.

## Article 5 SUBCONTRACTORS
5.3.2   Add the following new Subparagraph 5.3.2:
     5.3.2   All subcontracts shall specifically provide that the Owner is an intended third-party beneficiary of such subcontract.

5.4.3.   Add the following new Subparagraph 5.4.3:

     5.4.3   Each subcontract shall specifically provide that the Owner shall only be responsible to the Subcontractor for those obligations of the Contractor that accrue subsequent to the Owner's exercise of any rights under this conditional assignment.

## Article 9 PAYMENTS AND COMPLETION
9.2   Add the following new Subparagraph 9.2.2:

     9.2.2   Upon request of the Owner, the Contractor and/or each Subcontractor shall prepare a trade payment breakdown for the Work for which each is responsible, such breakdown being submitted on a uniform standardized form approved by the Architect and Owner and reflecting (i) description of Work (listing labor and material separately), (ii) total value, (iii) percent of the Work completed to date, (iv) value of Work completed to date, (v) percent of previous amount billed, (vi) previous amount billed, (vii) current percent completed, and (viii) value of Work completed to date.

9.3.1   Add the following clause at the end of Subparagraph 9.3.1:

     .3   Each Application for Payment shall be accompanied by the following, all in form and substance satisfactory to the Owner or Owner's title insurer: (i) a current Contractor's lien waiver; (ii) duly executed waivers of mechanics' and material suppliers' liens from all Subcontractors; and (iii) all information and materials required to comply with the requirements of the Contract Documents or reasonably requested by the Owner or the Architect.

9.3.3   Add the following clause at the end of Subparagraph 9.3.3:

.1  Notwithstanding the foregoing, Owner reserves the right to settle any disputed mechanic's or material supplier's lien claim by payments to the lien claimant or by such other means as the Owner, after notifying and consulting with the Contractor, determines is the most economical or advantageous method of settling the dispute. The Contractor shall promptly reimburse the Owner, upon demand, for any payments so made unless the Contractor disputes such amount and provides evidence to Owner supporting its dispute.

9.7     Add the following new Subparagraph 9.7.2:

9.7.2   If the Owner is entitled to reimbursement or payment from the Contractor under or pursuant to the Contract Documents, such payment shall be made promptly upon demand by the Owner. Notwithstanding anything contained in the Contract Documents to the contrary, if the Contractor fails to promptly make any payment due the Owner, or if the Owner incurs any costs and expenses to cure any default of the Contractor or to correct defective Work, the Owner shall have an absolute right to offset such amount against the Contract Sum.

## Article 11  INSURANCE AND BONDS

11.1.1  Add the following language to the end of Clause .7 in Subparagraph 11.1.1: ", which coverage shall be maintained for no less than two (2) years following final payment."

11.3    Delete Paragraph 11.3 in its entirety.

11.4    Replace any reference to the words "as fiduciary" in paragraph 11.4 with the words "in good faith."

11.4.6  Replace the words "copy of each policy that includes" beginning in the first line of Subparagraph 11.4.6 with the words "certificate of insurance evidencing such."

11.4.7  Begin Subparagraph 11.4.7 with the following words: "If permitted by the Owner's and Contractor's insurance companies, without penalties,". Replace the words "covered by" in the fourth line of Subparagraph 11.4.7 with the following words: "of actual recovery of any insurance proceeds under any".

## Article 12  UNCOVERING AND CORRECTION OF WORK

12.2.2.1  Delete all language beginning with the words "and to" in the 9th line of Clause 12.2.2.1, and continuing through the word "warranty" in the 9th line.

12.2.2.3  Replace Clause 12.2.2.3 with the following:  "Upon completion of any Work under or pursuant to this Paragraph 12.2, the one (1)-year correction period in connection with the Work requiring correction shall be renewed and recommence. The obligations under Paragraph 12.2 shall cover any repairs and replacement to any part of the Work or other property that is damaged by the defective Work."



**Loftis**
REAL ESTATE
& DEVELOPMENT, INC.

8401 Mayland Drive, Suite B, Richmond, Virginia 23294 • Phone: 804.934.9933 • Fax: 804.934.0530

August 7, 2008

Simons Hauling Co., Inc.
Attn: Joseph A. Simons IV
4510 Oakleys Lane
PO Box 7733
Richmond, VA 23231

Re: Riverwatch Subdivision

Dear Joey,

As you know, under your Agreement with Stony Point Land, Inc. for the Riverwatch subdivision, I have been serving in the capacity of "Architect" for purposes of certifying applications for payment for the owner. I have received Applications for Payment # 11 – 14 and have reviewed them as provided for in the Agreement. Although I acknowledge that the work represented in 11-14 is complete and/or stored on site and that I may have indicated such to you or Wayne Greenwood, I have since received the attached letter from the Owner. After further investigation and review of the contract documents, I concur with the Owner's concerns. Therefore, in accordance with section 9.4 of the Agreement, I am withholding Certificate for Payment for the full amounts of Applications for Payment # 11 - 14. The reasons for my decision are in accordance with section 9.5.1 of the Agreement "…to protect the Owner from loss for which the Contractor is responsible" as a result of:

.5  damage to the Owner
.6  reasonable evidence that the Work will not be completed within the Contract Time, and that the unpaid balance will not be adequate to cover actual or liquidated damages for the delay; and
.7  persistent failure to carry out the Work in accordance with the Contract Documents.

As you know, the Owner has directed you to suspend the asphalt paving portion of the Work to allow for installation of gas lines by the City's contractor. During this suspension, please complete the remaining portions of the Work. Once we provide direction to you to perform the asphalt paving, we expect that you will proceed expeditiously with adequate forces to Substantial Completion at the earliest possible date. I believe that you have completed the Work in Change Order 21 as described in Mr. Putney's letter.

Sincerely,

Rob Loftis,
Project Manager

Enclosure

cc:  Mark Putney, Stony Point Land, Inc.



**VIRGINIA: IN THE CIRCUIT COURT OF THE CITY OF RICHMOND**

**SIMONS HAULING COMPANY, INC.,**

        **Plaintiff,**

v.                                           No. _____

**STONY POINT LAND, INC.**

        **Defendant.**

## DECLARATION CONCERNING STATEMENT OF ACCOUNT

    Pursuant to Va. Code §8.01-4.3, the undersigned declares under penalty of perjury that the statement of account to which this declaration is attached is true and correct.

                                               Joseph A. Simons, IV
                        Vice-President, Simons Hauling Co., Inc.



1

```
To:
(Owner)      Accounts Payable , Stony Point Land Inc
             8401 Mayland Drive
             Richmond VA 23294
From:
(Contractor) Simons Hauling Co., Inc.
             P O Box 7733
             Richmond, VA 23231
Contract For:
```

Project Riverwatch

, VA.

Via:
(Architect)

Architect's
Project Number:

Application Number: 15
Application Date 07/31/08
Period To 07/31/08

Contract Date:

Distribution to:
*  Owner
*  Architect
*  Contractor

## CONTRACTOR'S APPLICATION FOR PAYMENT

Application is made for payment, as shown below, in connection with Contract Continuation Sheet

| | |
|---|---|
| 1. Original Contract Sum | 853,982.95 |
| 2. Net Change by Change Orders | 77,107.69 |
| 3. Contract Sum To Date (Line 1+/-2) | 931,090.64 |
| 4. Total Completed & Stored To Date (Column 7 on Continuation Sheet) | 856,405.76 |
| 5. Retainage: | |
|   a. 10.0000 % of Completed Work (Column 4 + 5 on Cont. Sheet) | 85,640.58 |
|   b. Retainage of Stored Material (Column 6 on Continuation Sheet) | |
|   Total Retainage (5a + 5b or Total in Col 10 of Cont. Sheet) | 85,640.58 |
| 6. Total Earned Less Retainage (Line 4 less Line 5 Total) | 770,765.18 |
| 7. Less Previous Certificate for Payment (Line 6 from Prior Certificate) | 726,269.28 |
| 8. Current Payment Due: | |
|   a. Current Payment without Tax | 44,495.90 |
|   b. Tax Amt | 0.00 |
|   Total (8a + 8b) | 44,495.90 |
| 9. Balance to Finish, Plus Retainage (Line 3 less Line 6) | 160,325.46 |

State of: Virginia            County of: Henrico
Subscribed and sworn to before me this ___ day of _____, 20 05
Notary Public:
My commission expires:

### Change Order Summary

| | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Change Orders Approved in previous applications | 61,744.46 | 9,702.66 |
| Approved this application | 25,065.89 | 0.00 |
| TOTALS | 86,810.35 | 9,702.66 |
| Net Change By Change Orders | 77,107.69 | |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information, and belief the work covered by this Application for Payment has been completed in accordance with the Contract Documents, that all amounts have been paid by the Contractor for Work for which previous Certificates of Payment were issued and payments received from the Owner, and that current payment shown here is now due.

Contractor:    Simons Hauling Co., Inc.

By: (Title) _____

## ARCHITECT'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and believe the Work as progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED: _____

(Attach explanation if amount certified differs from the amount applied for.)

ARCHITECT:

By: _____          Date: _____

This certificate is not negotiable.  The AMOUNT CERTIFIED is payable only to the Contractor named herein.  Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

Application No.: 15
Application Date: 07/31/08
Period To: 07/31/09

Project No.: 20701

| Item No. | Description of Work | Scheduled Value | From Previous Application | This Period | Materials Presently Stored | Total Complete And Stored To Date | Percent | Balance To Finish | Retainage |
|---|---|---|---|---|---|---|---|---|---|
| 9005.1 | BLASTING SERVICES | $21,117.75 | $21,117.75 | $0.00 | $0.00 | $21,117.75 | 100.00 | $0.00 | $0.00 |
| 9019.1 | IRR METER CONNECT | $1,500.00 | $0.00 | $1,500.00 | $0.00 | $1,500.00 | 100.00 | $0.00 | $0.00 |
| 9020.1 | UC ENTRANCE AND ROADWAY | $15,522.14 | $0.00 | $15,522.14 | $0.00 | $15,522.14 | 100.00 | $0.00 | $0.00 |
| 9021.1 | INSTALL SILT FENCE | $6,120.00 | $0.00 | $6,120.00 | $0.00 | $6,120.00 | 100.00 | $0.00 | $0.00 |
| 9022.1 | RELOCATE THORNTONS DW | $1,314.45 | $0.00 | $1,314.45 | $0.00 | $1,314.45 | 100.00 | $0.00 | $0.00 |
| 9023.1 | MAINTENACE EROSION CONTROL | $301.30 | $0.00 | $301.30 | $0.00 | $301.30 | 100.00 | $0.00 | $0.00 |
| 9024.1 | ADDITIONAL PG2A | $308.00 | $0.00 | $308.00 | $0.00 | $308.00 | 100.00 | $0.00 | $0.00 |
| 9001.1 | ADDED RCP/WELL ABANDON | $8,917.55 | $8,917.55 | $0.00 | $0.00 | $8,917.55 | 100.00 | $0.00 | $0.00 |
| 9002.1 | PIPE EXTENSION | $1,571.20 | $1,571.20 | $0.00 | $0.00 | $1,571.20 | 100.00 | $0.00 | $0.00 |
| 9003.1 | ENTRANCE PIPE | $-4,202.66 | $-4,202.66 | $0.00 | $0.00 | $-4,202.66 | 100.00 | $0.00 | $0.00 |
| 9004.1 | VOID | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00 | $0.00 | $0.00 |
| 9006.1 | PARKING AREA - CHEROKEE RD | $3,086.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00 | $3,086.00 | $0.00 |
| 9007.1 | TREE STUMP REMOVAL | $3,100.00 | $3,100.00 | $0.00 | $0.00 | $3,100.00 | 100.00 | $0.00 | $0.00 |
| 9008.1 | VOID | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00 | $0.00 | $0.00 |
| 9009.1 | CREDIT WATERLINE TIE-IN | $-5,500.00 | $-5,500.00 | $0.00 | $0.00 | $-5,500.00 | 100.00 | $0.00 | $0.00 |
| 1010.1 | INSTALL TERRA TUBES | $1,220.00 | $1,220.00 | $0.00 | $0.00 | $1,220.00 | 100.00 | $0.00 | $0.00 |
| 9011.1 | Sanitary Sewer Plan Revision | $429.16 | $429.16 | $0.00 | $0.00 | $429.16 | 100.00 | $0.00 | $0.00 |
| 9012.1 | WATERLINE REVISIONS | $6,698.31 | $6,698.31 | $0.00 | $0.00 | $6,698.31 | 100.00 | $0.00 | $0.00 |
| 9013.1 | Erosion Control | $1,017.08 | $1,017.08 | $0.00 | $0.00 | $1,017.08 | 100.00 | $0.00 | $0.00 |
| 9015.1 | EROSION AND SEDIMENT CONTROL | $8,964.23 | $8,964.23 | $0.00 | $0.00 | $8,964.23 | 100.00 | $0.00 | $0.00 |
| 9016.1 | Erosion and Sediment Control | $14,587.41 | $6,666.09 | $0.00 | $0.00 | $6,666.09 | 45.69 | $7,921.32 | $0.00 |
| 9017.1 | Curb & Gutter | $3,850.00 | $3,850.00 | $0.00 | $0.00 | $3,850.00 | 100.00 | $0.00 | $0.00 |
| 9018.1 | INSTALL 4" CONDUIT FOR IRRIGAT | $5,602.50 | $5,602.50 | $0.00 | $0.00 | $5,602.50 | 100.00 | $0.00 | $0.00 |
| 1001.1 | MOBILIZATION | $16,500.00 | $16,500.00 | $0.00 | $0.00 | $16,500.00 | 100.00 | $0.00 | $0.00 |

-Continued on Next Page-

Application No.: 15
Application Date: 07/31/08
Period To: 07/31/08

Project No.: 20701

| Item No. | Description of Work | Scheduled Value | From Previous Application | This Period | Materials Presently Stored | Total Complete And Stored To Date | Percent | Balance To Finish | Retainage |
|---|---|---|---|---|---|---|---|---|---|
| 1002.1 | CLEAR AND GRUB | $19,250.00 | $19,250.00 | $0.00 | $0.00 | $19,250.00 | 100.00 | $0.00 | $0.00 |
| 1003.1 | CLEARING & GRUBBING FOR SANITA | $5,500.00 | $5,500.00 | $0.00 | $0.00 | $5,500.00 | 100.00 | $0.00 | $0.00 |
| 1004.1 | DEMOLITION OF EXISTING BUILDIN | $3,850.00 | $3,850.00 | $0.00 | $0.00 | $3,850.00 | 100.00 | $0.00 | $0.00 |
| 1005.1 | SAWCUT ASPHALT FOR SANITARY | $550.00 | $550.00 | $0.00 | $0.00 | $550.00 | 100.00 | $0.00 | $0.00 |
| 1006.1 | SAWCUT ASPHALT FOR STORM | $396.00 | $396.00 | $0.00 | $0.00 | $396.00 | 100.00 | $0.00 | $0.00 |
| 1007.1 | CONSTRUCTION ENTRANCE | $1,650.00 | $1,650.00 | $0.00 | $0.00 | $1,650.00 | 100.00 | $0.00 | $0.00 |
| 1008.1 | SILT FENCE | $13,210.73 | $13,210.73 | $0.00 | $0.00 | $13,210.73 | 100.00 | $0.00 | $0.00 |
| 1009.1 | RIP RAP OF 20X8X24" | $1,138.90 | $1,138.90 | $0.00 | $0.00 | $1,138.90 | 100.00 | $0.00 | $0.00 |
| 1010.1 | GEOTEXTILE FABRIC | $49.90 | $49.90 | $0.00 | $0.00 | $49.90 | 100.00 | $0.00 | $0.00 |
| 1011.1 | CUT/FILL W/ONSITE MATERIAL | $55,770.00 | $55,770.00 | $0.00 | $0.00 | $55,770.00 | 100.00 | $0.00 | $0.00 |
| 1012.1 | EXPORT EXCESS | $124,638.80 | $105,942.90 | $9,300.00 | $0.00 | $115,242.90 | 92.46 | $9,395.90 | $0.00 |
| 1013.1 | TOPSOIL STRIP & HAUL OFF | $16,087.50 | $16,087.50 | $0.00 | $0.00 | $16,087.50 | 100.00 | $0.00 | $0.00 |
| 1014.1 | REPLACE TOPSOIL | $17,397.60 | $13,508.44 | $2,000.00 | $0.00 | $15,508.44 | 89.14 | $1,889.16 | $0.00 |
| 1015.1 | SEEDING | $6,600.00 | $5,390.00 | $600.00 | $0.00 | $5,990.00 | 90.75 | $610.00 | $0.00 |
| 1016.1 | ASPHALT PAVING | $49,406.50 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00 | $49,406.50 | $0.00 |
| 1017.1 | STONE FOR ASPHALT PAVING 21A | $27,720.00 | $15,246.00 | $12,474.00 | $0.00 | $27,720.00 | 100.00 | $0.00 | $0.00 |
| 1018.1 | CG-6 CURB AND GUTTER | $31,488.60 | $31,488.60 | $0.00 | $0.00 | $31,488.60 | 100.00 | $0.00 | $0.00 |
| 1019.1 | #57 STONE FOR CURB AND GUTTER | $3,707.00 | $3,707.00 | $0.00 | $0.00 | $3,707.00 | 100.00 | $0.00 | $0.00 |
| 1020.1 | CG-9 ENTRANCE-4 | $4,752.00 | $2,376.00 | $0.00 | $0.00 | $2,376.00 | 50.00 | $2,376.00 | $0.00 |
| 1021.1 | PG2-A | $616.00 | $616.00 | $0.00 | $0.00 | $616.00 | 100.00 | $0.00 | $0.00 |
| 1022.1 | 24" RCP CL III | $4,202.66 | $4,202.66 | $0.00 | $0.00 | $4,202.66 | 100.00 | $0.00 | $0.00 |
| 1023.1 | STM 2, DI-3B, L=4.0', H=4.96 | $3,130.71 | $3,130.71 | $0.00 | $0.00 | $3,130.71 | 100.00 | $0.00 | $0.00 |
| 1024.1 | 15" RCP CL III | $2,356.86 | $2,356.86 | $0.00 | $0.00 | $2,356.86 | 100.00 | $0.00 | $0.00 |
| 1025.1 | STM 4, DI-3B, L=4.0', H=5.06 | $3,152.66 | $3,152.66 | $0.00 | $0.00 | $3,152.66 | 100.00 | $0.00 | $0.00 |

-Continued on Next Page-

Application No.: 15
Application Date: 07/31/09
Period To: 07/31/09

Project No.: 20701

| Item No. | Description of Work | Scheduled Value | From Previous Application | This Period | Materials Presently Stored | Total Complete And Stored To Date | Percent | Balance To Finish | Retainage |
|---|---|---|---|---|---|---|---|---|---|
| 1026.1 | 15" RCP CL III | $5,892.15 | $5,892.15 | $0.00 | $0.00 | $5,892.15 | 100.00 | $0.00 | $0.00 |
| 1027.1 | STM 6, MH-L, H=3.1 | $3,986.40 | $3,986.40 | $0.00 | $0.00 | $3,986.40 | 100.00 | $0.00 | $0.00 |
| 1028.1 | 15" RCP CL III | $7,777.64 | $7,777.64 | $0.00 | $0.00 | $7,777.64 | 100.00 | $0.00 | $0.00 |
| 1029.1 | RUN 8, 15" RCP CL III | $1,728.36 | $1,728.36 | $0.00 | $0.00 | $1,728.36 | 100.00 | $0.00 | $0.00 |
| 1030.1 | RUN 9, 15" RCP CL III | $1,728.36 | $1,728.36 | $0.00 | $0.00 | $1,728.36 | 100.00 | $0.00 | $0.00 |
| 1031.1 | 15" RCP CL III | $3,142.48 | $3,142.48 | $0.00 | $0.00 | $3,142.48 | 100.00 | $0.00 | $0.00 |
| 1032.1 | TRENCH EXC. WASTE & HAUL OFF | $1,787.50 | $1,787.50 | $0.00 | $0.00 | $1,787.50 | 100.00 | $0.00 | $0.00 |
| 1033.1 | STONE BEDDING/BACKFILL | $4,633.75 | $4,633.75 | $0.00 | $0.00 | $4,633.75 | 100.00 | $0.00 | $0.00 |
| 1034.1 | FILTERRA UNITS 6 X 6 | $52,662.50 | $52,662.50 | $0.00 | $0.00 | $52,662.50 | 100.00 | $0.00 | $0.00 |
| 1035.1 | ASPHALT TRENCH REPAIR | $7,018.00 | $7,018.00 | $0.00 | $0.00 | $7,018.00 | 100.00 | $0.00 | $0.00 |
| 1036.1 | 8" SANITARY PVC | $52,205.81 | $52,205.81 | $0.00 | $0.00 | $52,205.81 | 100.00 | $0.00 | $0.00 |
| 1037.1 | 8" DI | $26,608.23 | $26,608.23 | $0.00 | $0.00 | $26,608.23 | 100.00 | $0.00 | $0.00 |
| 1038.1 | 6" PVC | $28,642.82 | $28,642.82 | $0.00 | $0.00 | $28,642.82 | 100.00 | $0.00 | $0.00 |
| 1039.1 | 6" DI | $5,373.06 | $5,373.06 | $0.00 | $0.00 | $5,373.06 | 100.00 | $0.00 | $0.00 |
| 1040.1 | 6" DI CLEANOUT W/BRASS PLUG | $1,323.14 | $1,323.14 | $0.00 | $0.00 | $1,323.14 | 100.00 | $0.00 | $0.00 |
| 1041.1 | 6" MJ 45 W/ACC | $603.08 | $603.08 | $0.00 | $0.00 | $603.08 | 100.00 | $0.00 | $0.00 |
| 1042.1 | 6X6 MJ WYE W/ACC | $904.53 | $904.53 | $0.00 | $0.00 | $904.53 | 100.00 | $0.00 | $0.00 |
| 1043.1 | 8X6 MJ TEE W/ACC | $835.23 | $835.23 | $0.00 | $0.00 | $835.23 | 100.00 | $0.00 | $0.00 |
| 1044.1 | 6" CLEANOUT W/ BRASS PLUG | $3,107.50 | $3,107.50 | $0.00 | $0.00 | $3,107.50 | 100.00 | $0.00 | $0.00 |
| 1045.1 | 6" WYE W/ACC | $1,598.30 | $1,598.30 | $0.00 | $0.00 | $1,598.30 | 100.00 | $0.00 | $0.00 |
| 1046.1 | 6" 45 BEND W/ACC | $1,476.64 | $1,476.64 | $0.00 | $0.00 | $1,476.64 | 100.00 | $0.00 | $0.00 |
| 1047.1 | 8X6 TEE W/ACC | $1,681.68 | $1,681.68 | $0.00 | $0.00 | $1,681.68 | 100.00 | $0.00 | $0.00 |
| 1048.1 | SANITARY SERVICE SADDLE TO TIE | $3,080.00 | $3,080.00 | $0.00 | $0.00 | $3,080.00 | 100.00 | $0.00 | $0.00 |
| 1049.1 | MH-1 H=9.93 | $4,763.39 | $4,763.39 | $0.00 | $0.00 | $4,763.39 | 100.00 | $0.00 | $0.00 |

-Continued on Next Page-

Application No.: 15
Application Date: 07/31/08
Period To: 07/31/08

Project No.: 20701

| Item No. | Description of Work | Scheduled Value | From Previous Application | This Period | Materials Presently Stored | Total Complete And Stored To Date | Percent | Balance To Finish | Retainage |
|---|---|---|---|---|---|---|---|---|---|
| 1050.1 | MH-2 H=26.00 | $19,972.15 | $19,972.15 | $0.00 | $0.00 | $19,972.15 | 100.00 | $0.00 | $0.00 |
| 1051.1 | MH-3 H=5.77 | $3,758.32 | $3,758.32 | $0.00 | $0.00 | $3,758.32 | 100.00 | $0.00 | $0.00 |
| 1052.1 | MH-4 H=9.52 | $4,726.43 | $4,726.43 | $0.00 | $0.00 | $4,726.43 | 100.00 | $0.00 | $0.00 |
| 1053.1 | MH-5 H=8.57 | $4,561.26 | $4,561.26 | $0.00 | $0.00 | $4,561.26 | 100.00 | $0.00 | $0.00 |
| 1054.1 | MH-6 H=7.65 | $4,478.76 | $4,478.76 | $0.00 | $0.00 | $4,478.76 | 100.00 | $0.00 | $0.00 |
| 1055.1 | MH-7 H=6.17 | $3,872.66 | $3,872.66 | $0.00 | $0.00 | $3,872.66 | 100.00 | $0.00 | $0.00 |
| 1056.1 | MH-8 H=6.27 | $3,803.36 | $3,803.36 | $0.00 | $0.00 | $3,803.36 | 100.00 | $0.00 | $0.00 |
| 1057.1 | MH-9 H=10.06 | $4,226.09 | $4,226.09 | $0.00 | $0.00 | $4,226.09 | 100.00 | $0.00 | $0.00 |
| 1058.1 | CONCRETE ANCHORS | $10,450.00 | $10,450.00 | $0.00 | $0.00 | $10,450.00 | 100.00 | $0.00 | $0.00 |
| 1059.1 | MANHOLE FRAME AND COVERS- | $3,759.53 | $3,759.53 | $0.00 | $0.00 | $3,759.53 | 100.00 | $0.00 | $0.00 |
| 1060.1 | TRENCH EXC. WASTE | $5,720.00 | $5,720.00 | $0.00 | $0.00 | $5,720.00 | 100.00 | $0.00 | $0.00 |
| 1061.1 | STONE BEDDING/BACKFILL | $12,047.75 | $12,047.75 | $0.00 | $0.00 | $12,047.75 | 100.00 | $0.00 | $0.00 |
| 1062.1 | TESTING | $1,650.00 | $1,650.00 | $0.00 | $0.00 | $1,650.00 | 100.00 | $0.00 | $0.00 |
| 1063.1 | ASPHALT TRENCH REPAIR | $2,887.50 | $2,887.50 | $0.00 | $0.00 | $2,887.50 | 100.00 | $0.00 | $0.00 |
| 1064.1 | 6" PLUG | $307.56 | $307.56 | $0.00 | $0.00 | $307.56 | 100.00 | $0.00 | $0.00 |
| 1065.1 | 2" FLUSHING HYDRANT W/ACC & RE | $2,139.50 | $2,139.50 | $0.00 | $0.00 | $2,139.50 | 100.00 | $0.00 | $0.00 |
| .066.1 | 6" DI (CL150 PIP) | $48,001.18 | $48,001.18 | $0.00 | $0.00 | $48,001.18 | 100.00 | $0.00 | $0.00 |
| 1067.1 | TIE INTO EXIST. 12" WATERLINE | $5,555.00 | $5,555.00 | $0.00 | $0.00 | $5,555.00 | 100.00 | $0.00 | $0.00 |
| 1068.1 | FIRE HYDRANT | $4,412.10 | $4,412.10 | $0.00 | $0.00 | $4,412.10 | 100.00 | $0.00 | $0.00 |
| 1069.1 | 6" GATE VALVE AND BOX W/ACC & | $2,258.30 | $2,258.30 | $0.00 | $0.00 | $2,258.30 | 100.00 | $0.00 | $0.00 |
| 1070.1 | 6 X 6 HYDRANT TEE W/MEGA LUGS | $934.74 | $934.74 | $0.00 | $0.00 | $934.74 | 100.00 | $0.00 | $0.00 |
| 1071.1 | DOMESTIC CONNECTION-1" TYPE K | $9,872.28 | $9,872.28 | $0.00 | $0.00 | $9,872.28 | 100.00 | $0.00 | $0.00 |
| 1072.1 | 6 X 1 CORP STOP & SADDLE | $8,687.11 | $8,687.11 | $0.00 | $0.00 | $8,687.11 | 100.00 | $0.00 | $0.00 |
| 1073.1 | 5/8 METER SERVICE | $12,676.95 | $12,676.95 | $0.00 | $0.00 | $12,676.95 | 100.00 | $0.00 | $0.00 |

-Continued on Next Page-

Application No.: 15
Application Date: 07/31/08
Period To: 07/31/08

Project No.: 20701

| Item No. | Description of Work | Scheduled Value | From Previous Application | This Period | Materials Presently Stored | Total Complete And Stored To Date | Percent | Balance To Finish | Retainage |
|---|---|---|---|---|---|---|---|---|---|
| 1074.1 | MJ 16X 6 TAPPING SLEEVE AND VA | $1,614.09 | $1,614.09 | $0.00 | $0.00 | $1,614.09 | 100.00 | $0.00 | $0.0 |
| 1075.1 | TRENCH EXC. WASTE | $2,860.00 | $2,860.00 | $0.00 | $0.00 | $2,860.00 | 100.00 | $0.00 | $0.0 |
| 1076.1 | STONE BEDDING/BACKFILL | $6,950.63 | $6,950.63 | $0.00 | $0.00 | $6,950.63 | 100.00 | $0.00 | $0.0 |
| 1077.1 | TESTING/FLUSHING | $2,200.00 | $2,200.00 | $0.00 | $0.00 | $2,200.00 | 100.00 | $0.00 | $0.0 |
| 1078.1 | STREET TIE-IN | $5,500.00 | $5,500.00 | $0.00 | $0.00 | $5,500.00 | 100.00 | $0.00 | $0.0 |
| | | $931,090.64 | $806,965.87 | $49,439.89 | $0.00 | $856,405.76 | | $74,684.88 | $0.0 |

# APPLICATION AND CERTIFICATE FOR PAYMENT

**TO:**
(Owner)

Accounts Payable . Stony Point Land Inc
8401 Mayland Drive
Richmond VA 23294

**From:**
(Contractor)

Simons Hauling Co., Inc.
P O Box 7733
Richmond, VA 23231

**Contract For:**

**Via:**
(Architect)

Project Riverwatch

, VA ,

Architect's
Project Number:

Invoice # 20701*14  *10/01* ' '

Application Number: 14
Application Date 06/30/08
Period To 06/30/08

Contract Date:

FILE COPY

Distribution to:
* Owner
* Architect
* Contractor

## CONTRACTOR'S APPLICATION FOR PAYMENT

| Change Order Summary | ADDITIONS | DEDUCTIONS |
|---|---|---|
| Change Orders Approved in previous applications Owner...Total | 61,744.46 | 9,702.66 |
| Approved this application | 0.00 | 0.00 |
| TOTALS | 61,744.46 | 9,702.66 |
| Net Change By Change Orders | | 52,041.80 |

The undersigned Contractor certifies that to the best of the Contractor's knowledge, information, and belief the work covered by this Application for Payment has been completed in accordance with the Contract Documents; that all amounts have been paid by the Contractor for Work for which previous Certificates of Payment were issued and payments received from the Owner, and that current payment shown here is now due.

Contractor: Simons Hauling Co., Inc.

By: (Title) _[signature]_

Application is made for payment, as shown below, in connection with Contract Continuation Sheet

| | | |
|---|---|---|
| 1. Original Contract Sum | | 853,982.95 |
| 2. Net Change by Change Orders | | 52,041.80 |
| 3. Contract Sum To Date (Line 1+/-2) | | 906,024.75 |
| 4. Total Completed & Stored To Date (Column 7 on Continuation Sheet) | | 806,965.87 |
| 5. Retainage: | | |
| a. 10.0000 % of Completed Work (Column 4 + 5 on Cont. Sheet) | 80,696.59 | |
| b. Retainage of Stored Material (Column 6 on Continuation Sheet) | | |
| Total Retainage (5a + 5b or Total in Col 10 of Cont. Sheet) | | 80,696.59 |
| 6. Total Earned Less Retainage (Line 4 less 5 Total) | | 726,269.28 |
| 7. Less Previous Certificate for Payment (Line 6 from Prior Certificate) | | 665,885.31 |
| 8. Current Payment Due: | | |
| a. Current Payment without Tax | 60,383.97 | |
| b. Tax Amt | 0.00 | |
| Total (8a + 8b) | | 60,383.97 |
| 9. Balance to Finish, Plus Retainage (Line 3 less Line 6) | | 179,755.47 |

State of: Virginia
Subscribed and sworn to before me this 2nd day of Pennies , 20 08
Notary Public: _[signature]_  12-31-08
My commission expires: _Dec 31 2008_

County of: Henrico
Simons  17061984

## AMOUNT CERTIFIED:

(Attach explanation if amount certified differs from the amount applied for.)

ARCHITECT:

By:                                    Date:

## ARCHITECT'S CERTIFICATE FOR PAYMENT

In accordance with the Contract Documents, based on on-site observations and the data comprising the above application, the Architect certifies to the Owner that to the best of the Architect's knowledge, information and belief the Work has progressed as indicated, the quality of the Work is in accordance with the Contract Documents, and the Contractor is entitled to payment of the AMOUNT CERTIFIED.

AMOUNT CERTIFIED is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

This certificate is not negotiable. The AMOUNT CERTIFIED is payable only to the Contractor named herein. Issuance, payment and acceptance of payment are without prejudice to any rights of the Owner or Contractor under this Contract.

Application No.: 14
Application Date: 06/30/08
Period To: 06/30/08

Project No.: 26701

| Item No. | Description of Work | Scheduled Value | From Previous Application | This Period | Materials Presently Stored | Total Complete And Stored To Date | Percent | Balance To Finish | Retainage |
|---|---|---|---|---|---|---|---|---|---|
| 9000.1 | BLASTING SERVICES | $21,117.75 | $21,117.75 | $0.00 | $0.00 | $21,117.75 | 100.00 | $0.00 | $0.0 |
| 9001.1 | ADDED RIP/RELL ABRASION | $8,917.55 | $8,917.55 | $0.00 | $0.00 | $8,917.55 | 100.00 | $0.00 | $0.0 |
| 9002.1 | PIPE EXTENSION | $1,571.20 | $1,571.20 | $0.00 | $0.00 | $1,571.20 | 100.00 | $0.00 | $0.0 |
| 9003.1 | ENTRANCE PIPE | $-4,202.66 | $-4,202.66 | $0.00 | $0.00 | $-4,202.66 | 100.00 | $0.00 | $0.0 |
| 9004.1 | VOID | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00 | $0.00 | $0.0 |
| 9006.1 | PARKING AREA - CHEROKEE RD | $3,086.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00 | $3,086.00 | $0.0 |
| 9007.1 | TREE STUMP REMOVAL | $3,100.00 | $3,100.00 | $0.00 | $0.00 | $3,100.00 | 100.00 | $0.00 | $0.0 |
| 9008.1 | VOID | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00 | $0.00 | $0.0 |
| 9009.1 | CREDIT WATERLINE TIE-IN | $-5,500.00 | $-5,500.00 | $0.00 | $0.00 | $-5,500.00 | 100.00 | $0.00 | $0.0 |
| 9010.1 | INSTALL TERRA TUBES | $1,220.00 | $1,220.00 | $0.00 | $0.00 | $1,220.00 | 100.00 | $0.00 | $0.0 |
| 9511.1 | Sanitary Sewer Plan Revision | $429.16 | $429.16 | $0.00 | $0.00 | $429.16 | 100.00 | $0.00 | $0.0 |
| 9012.1 | WATERLINE REVISIONS | $6,698.31 | $6,698.31 | $0.00 | $0.00 | $6,698.31 | 100.00 | $0.00 | $0.0 |
| 9013.1 | Erosion Control | $1,017.08 | $1,017.08 | $0.00 | $0.00 | $1,017.08 | 100.00 | $0.00 | $0.0 |
| 9015.1 | EROSION AND SEDIMENT CONTROL | $8,964.23 | $8,964.23 | $0.00 | $0.00 | $8,964.23 | 100.00 | $0.00 | $0.0 |
| 9016.1 | Erosion and Sediment Control | $14,537.41 | $6,666.00 | $0.00 | $0.00 | $6,666.00 | 45.85 | $7,921.42 | $0.0 |
| 9017.1 | Curb & Gutter | $3,850.00 | $0.00 | $3,850.00 | $0.00 | $3,850.00 | 100.00 | $0.00 | $0.0 |
| 9018.1 | INSTALL 4" CONDUIT FOR IRRIGAT | $5,602.50 | $0.00 | $5,602.50 | $0.00 | $5,602.50 | 100.00 | $0.00 | $0.0 |
| 1031.1 | MOBILIZATION | $16,500.00 | $16,500.00 | $0.00 | $0.00 | $16,500.00 | 100.00 | $0.00 | $0.0 |
| 1032.1 | CLEAR AND GRUB | $19,250.00 | $19,250.00 | $0.00 | $0.00 | $19,250.00 | 100.00 | $0.00 | $0.0 |
| 1003.1 | CLEARING & GRUBING FOR SANITA | $5,500.00 | $5,500.00 | $0.00 | $0.00 | $5,500.00 | 100.00 | $0.00 | $0.0 |
| 1034.1 | DEMOLITION OF EXISTING BUILDIN | $3,650.00 | $3,650.00 | $0.00 | $0.00 | $3,650.00 | 100.00 | $0.00 | $0.0 |
| 1005.1 | SAWCUT ASPHALT FOR SANITARY | $550.00 | $550.00 | $0.00 | $0.00 | $550.00 | 100.00 | $0.00 | $0.0 |
| 1006.1 | SAWCUT ASPHALT FOR STORM | $396.00 | $396.00 | $0.00 | $0.00 | $396.00 | 100.00 | $0.00 | $0.0 |
| 1037.1 | CONSTRUCTION ENTRANCE | $1,650.00 | $1,650.00 | $0.00 | $0.00 | $1,650.00 | 100.00 | $0.00 | $0.0 |

-Continued on Next Page-

Application No.: 14
Application Date: 06/30/08
Period To: 06/30/08

Project No.: 21081

| Item No. | Description of Work | Scheduled Value | From Previous Application | This Period | Materials Presently Stored | Total Complete And Stored To Date | Amount % | Balance To Finish | Retainage |
|---|---|---|---|---|---|---|---|---|---|
| 1008.1 | SILT FENCE | $13,210.73 | $13,210.73 | $0.00 | $0.00 | $13,210.73 | 100.00 | $0.00 | $0.00 |
| 1009.1 | RIP RAP OR 20X3X24" | $1,138.90 | $1,138.90 | $0.00 | $0.00 | $1,133.90 | 100.00 | $0.00 | $0.00 |
| 1010.1 | GEOTEXTILE FABRIC | $49.90 | $49.90 | $0.00 | $0.00 | $49.90 | 100.00 | $0.00 | $0.00 |
| 1011.1 | CUT/FILL W/ONSITE MATERIAL | $55,770.00 | $55,770.00 | $0.00 | $0.00 | $55,770.00 | 100.00 | $0.00 | $0.00 |
| 1012.1 | EXPORT EXCESS | $124,638.80 | $93,479.10 | $12,463.80 | $0.00 | $105,942.90 | 84.39 | $18,695.90 | $0.00 |
| 1013.1 | TOPSOIL STRIP & HAUL OFF | $16,087.50 | $16,087.50 | $0.00 | $0.00 | $16,087.50 | 100.00 | $0.00 | $0.00 |
| 1014.1 | REPLACE TOPSOIL | $17,397.60 | $9,159.04 | $4,349.40 | $0.00 | $13,508.44 | 77.64 | $3,889.16 | $0.00 |
| 1015.1 | SEEDING | $6,600.00 | $2,750.00 | $2,640.00 | $0.00 | $5,390.00 | 81.66 | $1,210.00 | $0.00 |
| 1016.1 | ASPHALT PAVING | $49,406.50 | $0.00 | $0.00 | $0.00 | $0.00 | 0.00 | $49,406.50 | $0.00 |
| 1017.1 | STONE FOR ASPHALT PAVING 21A | $27,720.00 | $15,246.00 | $0.00 | $0.00 | $15,246.00 | 55.00 | $12,474.00 | $0.00 |
| 1018.1 | CG-6 CURB AND GUTTER | $31,468.60 | $0.00 | $31,488.60 | $0.00 | $31,453.60 | 100.00 | $0.00 | $0.00 |
| 1019.1 | #57 STONE FOR CURB AND GUTTER | $3,707.00 | $0.00 | $3,707.00 | $0.00 | $3,707.00 | 100.00 | $0.00 | $0.00 |
| 1020.1 | CG-9 ENTRANCE-1 | $4,752.00 | $0.00 | $2,376.00 | $0.00 | $2,376.00 | 50.00 | $2,376.00 | $0.00 |
| 1021.1 | EM2-A | $616.00 | $0.00 | $616.00 | $0.00 | $616.00 | 100.00 | $0.00 | $0.00 |
| 1022.1 | 24" RCP CL III | $4,202.66 | $4,202.66 | $0.00 | $0.00 | $4,222.66 | 100.00 | $0.00 | $0.00 |
| 1023.1 | STM 2, DI-7B, L-4.0', H-4.56 | $3,130.71 | $3,130.71 | $0.00 | $0.00 | $3,130.71 | 100.00 | $0.00 | $0.00 |
| 1024.1 | 15" RCP CL III | $2,356.86 | $2,356.86 | $0.00 | $0.00 | $2,356.86 | 100.00 | $0.00 | $0.00 |
| 1025.1 | STM 4, DI-3B, L-4.0', H-3.06 | $3,152.66 | $3,152.66 | $0.00 | $0.00 | $3,152.66 | 100.00 | $0.00 | $0.00 |
| 1026.1 | 15" RCP CL III | $5,892.15 | $5,892.15 | $0.00 | $0.00 | $5,592.15 | 100.00 | $0.00 | $0.00 |
| 1027.1 | STM 6, ES-1, H-4.1 | $3,986.40 | $3,986.40 | $0.00 | $0.00 | $3,936.40 | 100.00 | $0.00 | $0.00 |
| 1028.1 | 15" RCP CL III | $7,777.64 | $7,777.64 | $0.00 | $0.00 | $7,777.64 | 100.00 | $0.00 | $0.00 |
| 1029.1 | FCN 2, 15" RCP CL III | $1,728.36 | $1,728.36 | $0.00 | $0.00 | $1,728.36 | 100.00 | $0.00 | $0.00 |
| 1030.1 | FCN 3, 15" RCP CL III | $1,728.36 | $1,728.36 | $0.00 | $0.00 | $1,728.36 | 100.00 | $0.00 | $0.00 |
| 1031.1 | 15" RCP CL III | $3,142.48 | $3,142.48 | $0.00 | $0.00 | $3,142.48 | 100.00 | $0.00 | $0.00 |

-Continued on Next Page-

Application No.: 14
Application Date: 06/30/06
Period To: 06/30/06

Project No.: 20701

| Item No. | Description of Work | Scheduled Value | From Previous Application | This Period | Materials Presently Stored | Total Complete And Stored To Date | Percent | Balance To Finish | Retainage |
|---|---|---|---|---|---|---|---|---|---|
| 1032.1 | TRENCH EXC. WASTE & HAUL OFF | $1,787.50 | $1,787.50 | $0.00 | $0.00 | $1,787.50 | 100.00 | $0.00 | $0.00 |
| 1033.1 | STONE BEDDING/BACKFILL | $4,633.75 | $4,633.75 | $0.00 | $0.00 | $4,633.75 | 100.00 | $0.00 | $0.00 |
| 1034.1 | FILTERXA UNITS 6 X 6 | $52,662.50 | $52,662.50 | $0.00 | $0.00 | $52,662.50 | 100.00 | $0.00 | $0.00 |
| 1035.1 | ASPHALT TRENCH REPAIR | $7,018.00 | $7,018.00 | $0.00 | $0.00 | $7,018.00 | 100.00 | $0.00 | $0.00 |
| 1036.1 | 6" SANITARY PVC | $52,205.81 | $52,205.81 | $0.00 | $0.00 | $52,205.81 | 100.00 | $0.00 | $0.00 |
| 1037.1 | 8" DI | $26,608.23 | $26,608.23 | $0.00 | $0.00 | $26,608.23 | 100.00 | $0.00 | $0.00 |
| 1038.1 | 6" PVC | $26,642.82 | $26,642.82 | $0.00 | $0.00 | $26,642.82 | 100.00 | $0.00 | $0.00 |
| 1039.1 | 6" DI | $5,373.06 | $5,373.06 | $0.00 | $0.00 | $5,373.06 | 100.00 | $0.00 | $0.00 |
| 1040.1 | 6" DI CLEANOUT W/BRASS PLUG | $1,323.14 | $1,323.14 | $0.00 | $0.00 | $1,323.14 | 100.00 | $0.00 | $0.00 |
| 1041.1 | 6" MJ 45 W/ACC | $603.08 | $603.08 | $0.00 | $0.00 | $603.08 | 100.00 | $0.00 | $0.00 |
| 1042.1 | 6X6 MJ WYE W/ACC | $904.53 | $904.53 | $0.00 | $0.00 | $904.53 | 100.00 | $0.00 | $0.00 |
| 1043.1 | 3X6 MJ TEE W/ACC | $835.23 | $835.23 | $0.00 | $0.00 | $835.23 | 100.00 | $0.00 | $0.00 |
| 1044.1 | 6" CLEANOUT W/ BRASS PLUG | $3,107.50 | $3,107.50 | $0.00 | $0.00 | $3,107.50 | 100.00 | $0.00 | $0.00 |
| 1045.1 | 6" WYE W/ACC | $1,598.30 | $1,598.30 | $0.00 | $0.00 | $1,598.30 | 100.00 | $0.00 | $0.00 |
| 1046.1 | 6" 45 BEND W/ACC | $1,476.64 | $1,476.64 | $0.00 | $0.00 | $1,476.64 | 100.00 | $0.00 | $0.00 |
| 1047.1 | 6X6 TEE W/ACC | $1,681.68 | $1,681.68 | $0.00 | $0.00 | $1,681.68 | 100.00 | $0.00 | $0.00 |
| 1048.1 | SANITARY SERVICE SADDLE TO 118 | $3,080.00 | $3,080.00 | $0.00 | $0.00 | $3,080.00 | 100.00 | $0.00 | $0.00 |
| 1049.1 | MH-1 H=9.91 | $19,972.15 | $19,972.15 | $0.00 | $0.00 | $19,972.15 | 100.00 | $0.00 | $0.00 |
| 1050.1 | MH-2 H=26.60 | $4,763.39 | $4,763.39 | $0.00 | $0.00 | $4,763.39 | 100.00 | $0.00 | $0.00 |
| 1051.1 | MH-3 H=5.77 | $3,758.32 | $3,758.32 | $0.00 | $0.00 | $3,758.32 | 100.00 | $0.00 | $0.00 |
| 1052.1 | MH-4 H=9.52 | $4,726.43 | $4,726.43 | $0.00 | $0.00 | $4,726.43 | 100.00 | $0.00 | $0.00 |
| 1053.1 | MH-5 H=5.57 | $4,561.26 | $4,561.26 | $0.00 | $0.00 | $4,561.26 | 100.00 | $0.00 | $0.00 |
| 1054.1 | MH-6 H=7.66 | $4,476.76 | $4,476.76 | $0.00 | $0.00 | $4,476.76 | 100.00 | $0.00 | $0.00 |
| 1055.1 | MH-7 H=6.17 | $3,572.66 | $3,572.66 | $0.00 | $0.00 | $3,572.66 | 100.00 | $0.00 | $0.00 |

-Continued on Next Page-

Application No.: 14
Application Date: 06/16/06
Period To: 06/16/06

Project No.: 20701

| Item No. | Description of Work | Scheduled Value | From Previous Application | This Period | Materials Presently Stored | Total Completed And Stored To Date | Percent | Balance To Finish | Retainage |
|---|---|---|---|---|---|---|---|---|---|
| 1056.1 | MH-8 H.6.27 | $3,803.36 | $3,803.36 | $0.00 | $0.00 | $3,803.36 | 100.00 | $0.00 | $0.00 |
| 1057.1 | MH-9 H=10.00 | $4,226.09 | $4,226.09 | $0.00 | $0.00 | $4,226.09 | 100.00 | $0.00 | $0.00 |
| 1058.1 | CONCRETE ARCHES | $10,450.00 | $10,450.00 | $0.00 | $0.00 | $10,450.00 | 100.00 | $0.00 | $0.00 |
| 1059.1 | MANHOLE FRAME AND COVERS | $3,759.53 | $3,759.53 | $0.00 | $0.00 | $3,759.53 | 100.00 | $0.00 | $0.00 |
| 1060.1 | TRENCH EXC. WASTE | $5,720.00 | $5,720.00 | $0.00 | $0.00 | $5,720.00 | 100.00 | $0.00 | $0.00 |
| 1061.1 | STONE BEDDING/BACKFILL | $12,047.75 | $12,047.75 | $0.00 | $0.00 | $12,047.75 | 100.00 | $0.00 | $0.00 |
| 1062.1 | TESTING | $1,650.00 | $1,650.00 | $0.00 | $0.00 | $1,650.00 | 100.00 | $0.00 | $0.00 |
| 1063.1 | ASPHALT TRENCH REPAIR | $2,887.50 | $2,887.50 | $0.00 | $0.00 | $2,887.50 | 100.00 | $0.00 | $0.00 |
| 1064.1 | 6" PLUG | $307.56 | $307.56 | $0.00 | $0.00 | $307.56 | 100.00 | $0.00 | $0.00 |
| 1065.1 | 2" FLUSHING HYDRANT W/ACC & RE | $2,139.50 | $2,139.50 | $0.00 | $0.00 | $2,139.50 | 100.00 | $0.00 | $0.00 |
| 1066.1 | 6" DI (CL150 PIP) | $46,021.18 | $46,021.18 | $0.00 | $0.00 | $46,021.18 | 100.00 | $0.00 | $0.00 |
| 1067.1 | TIE INTO EXIST. 12" WATERLINE | $5,555.00 | $5,555.00 | $0.00 | $0.00 | $5,555.00 | 100.00 | $0.00 | $0.00 |
| 1068.1 | FIRE HYDRANT | $4,412.10 | $4,412.10 | $0.00 | $0.00 | $4,412.10 | 100.00 | $0.00 | $0.00 |
| 1069.1 | 6" GATE VALVE AND BOX W/ACC & | $2,258.30 | $2,258.30 | $0.00 | $0.00 | $2,258.30 | 100.00 | $0.00 | $0.00 |
| 1070.1 | 6 X 6 HYDRANT TEE W/MEGA LUGS | $934.74 | $934.74 | $0.00 | $0.00 | $934.74 | 100.00 | $0.00 | $0.00 |
| 1071.1 | DOMESTIC CONNECTION-1" TYPE K | $9,872.28 | $9,872.28 | $0.00 | $0.00 | $9,872.28 | 100.00 | $0.00 | $0.00 |
| 1072.1 | 6 X 1 CORP STOP & SADDLE | $8,687.11 | $8,687.11 | $0.00 | $0.00 | $8,687.11 | 100.00 | $0.00 | $0.00 |
| 1073.1 | 5/8 METER SERVICE | $12,676.95 | $12,676.95 | $0.00 | $0.00 | $12,676.95 | 100.00 | $0.00 | $0.00 |
| 1074.1 | MJ 6X 6 TAPPING SLEEVE AND VA | $1,614.09 | $1,614.09 | $0.00 | $0.00 | $1,614.09 | 100.00 | $0.00 | $0.00 |
| 1075.1 | TRENCH EXC. WASTE | $2,860.00 | $2,860.00 | $0.00 | $0.00 | $2,860.00 | 100.00 | $0.00 | $0.00 |
| 1076.1 | STONE BEDDING/BACKFILL | $6,950.63 | $6,950.63 | $0.00 | $0.00 | $6,950.63 | 100.00 | $0.00 | $0.00 |
| 1077.1 | TESTING/FLUSHING | $2,200.00 | $2,200.00 | $0.00 | $0.00 | $2,200.00 | 100.00 | $0.00 | $0.00 |
| 1078.1 | STREET TIE-IN | $5,500.00 | $5,500.00 | $0.00 | $0.00 | $5,500.00 | 100.00 | $0.00 | $0.00 |
|  |  | $506,024.75 | $739,872.57 | $57,033.30 | $0.00 | $606,955.87 |  | $99,631.33 | $0.00 |

# MEMORANDUM OF MECHANICS LIEN
### Claimed by General Contractor under Virginia Code 43-5

| | |
|---|---|
| Name of Fee Owner: | **Stony Point Land Inc.** |
| Address of Fee Owner: | 1927 Hanover Avenue      and    9030 Stony Point Pkwy |
| | Richmond, VA 23220              Richmond, VA 23235 |
| | |
| Name of Contractor: | **. Simons Hauling Co., Inc** |
| Address of Contractor: | P.O. Box 7733 |
| | Richmond, VA 23231 |
| | |
| Name of Claimant: | **Simons Hauling Co., Inc.** |
| Address of Claimant: | P.O. Box 7733 |
| | Richmond, VA 23231 |

**1.Type of materials or services Furnished:** Clearing and grubbing / Installation of utilities including storm sewer, new water line system and new sanitary sewer system / Curb and Gutter, other assorted concrete items / earthwork and all aspects of sitework for the installation of roadways. Placement of stone sub base.

**2.Amount Claimed:**  -  $178,670.57

**3.Type of structure on which work done or materials furnished:** Roadways and all associated materials and labor to construct.

**4.Brief Description and location of real property:**

Lots 1-13, inclusive, Riverwatch Subdivision as the same is described with greater particularity in a Plat recorded in Plat Book 08-32 on July 08, 2008 among the land records of the City of Richmond, Virginia. Tax Parcel #C001-0374/030

**5. Dates from which interest on above amount is claimed:**
April 30, 2008, as required per the contract between Simons Hauling Co., Inc and Stony Point Land Inc.

It is the intention of Claimant / Contractor to claim the benefit of a Mechanic's Lien.

**DATED : August 15, 2008**

Simons Hauling Co., Inc.

Return To: Simons Hauling Co. Inc.          Attention: Joseph A. Simons, IV
           P.O. Box 7733
           Richmond, Va. 23231
           (804) 222-6222

Simons Hauling Co. Inc.

By: _Joseph A. Simons_ IV
Joseph A. Simons IV Vice President

State of Virginia   _Virginia_
City/County Of   _Henrico_

I, _Amie Underwood_ Notary Public for the State and County aforesaid, do certify that Lisa I. Simons,  Accounts Payable and Agent for Claimant, this day acknowledged the foregoing before me in my county aforesaid.

Given under my hand this the   15th day of August 2008.

_Amie R. Underwood_
Notary Public

My Commission Expires: _12/31/2010_
My Registration No. _1036497_



INSTRUMENT #080022297
RECORDED IN THE CLERK'S OFFICE OF
CITY OF RICHMOND ON
AUGUST 15, 2009 AT 02:40PM

BEVILL M. DEAN, CLERK
RECORDED BY: VEB

## MEMORANDUM OF DISCLOSURE
### Claimed by General Contractor under Virginia Code

Name of Fee Owner (Lots 1-13):    **Stony Point Land Inc.**
Address of Fee Owner:        1927 Hanover Avenue    and    9030 Stony Point Pkwy
                            Richmond, VA 23220             Richmond, VA 23235

Name of Fee Owner (common areas):  **Riverwatch Property Owners Association, Inc.**
                                    9030 Stony Point Parkway, Suite 490
                                    Richmond, VA 23235

Name of Contractor:      **. Simons Hauling Co., Inc**
Address of Contractor:     P.O. Box 7733
                          Richmond, VA 23231

Name of Claimant:        **Simons Hauling Co., Inc.**
Address of Claimant:       P.O. Box 7733
                          Richmond, VA 23231

1. **Nature of Lien Claimed :** Mechanic's lien arising out of nonpayment by Stony Point Land Inc., for labor, materials and equipment necessary for the construction of a street.

2. **Amount claimed against each Lot/Parcel:** $12,762.18 (See Exhibit)

3. **Description of Development:** Riverwatch Subdivision, on the corner of Cherokee Road and James Riverwatch Drive located in the City of Richmond, Virginia as shown on Plat Book 08-32 on July 08, 2008 among the land records of the City of Richmond, VA. Tax Parcels Nos. C001-0374/030 and C001-0757/001.

4. **Date from which interest on above amount is claimed:**
   April 30, 2008, and as required per the contract between Simons Hauling Co., Inc. and Stony Point Land Inc.

### DATED : August 15, 2008

Simons Hauling Co., Inc.

Return To: Simons Hauling Co., Inc.
             P.O. Box 7733
             Richmond, Va. 23231
Attention: Joseph A. Simons, IV

Simons Hauling Co. Inc.

By: _Joseph A. Simons IV_

Joseph A. Simons IV Vice President

State of Virginia _Virginia_
City/County Of _Henrico_

I, _Amie Underwood_ Notary Public for the State and County aforesaid, do certify that Lisa I. Simons,  Accounts Payable and Agent for Claimant, this day acknowledged the foregoing before me in my county aforesaid.

Given under my hand this the   15th day of August 2008.

_Amie R. Underwood_

Notary Public

My Commission Expires: _12/31/2010_
My Registration No. _7036497_

# EXHIBIT

| Lot# | Amount of Claim against each lot/parcel |
|------|-----------------------------------------|
| 1 | $12,762.18 |
| 2 | $12,762.18 |
| 3 | $12,762.18 |
| 4 | $12,762.18 |
| 5 | $12,762.18 |
| 6 | $12,762.18 |
| 7 | $12,762.18 |
| 8 | $12,762.18 |
| 9 | $12,762.18 |
| 10 | $12,762.18 |
| 11 | $12,762.18 |
| 12 | $12,762.18 |
| 13 | $12,762.18 |
| Common Areas | $12,762.18 |

INSTRUMENT #080022298
RECORDED IN THE CLERK'S OFFICE OF
CITY OF RICHMOND ON
AUGUST 15, 2008 AT 02:41PM

BEVILL M. DEAN, CLERK
RECORDED BY: VEB

# Simons Hauling Co., Inc.



Mailing Address
P O Box 7733
Richmond, Virginia 23231

Telephone (804)222-6222
FAX (804) 222-1430
4510 Oakley's Lane
Richmond, VA 23231

August 15, 2008

**VIA CERTIFIED MAIL & E-MAIL**

Rob Loftis
8401 Mayland Drive, Suite B
Richmond, VA 23294

Ref: Riverwatch Subdivision
Stony Point Land, Inc.
Mechanics Lien

Dear Mr. Loftis,

Per your letter dated August 08, 2008 you are the acting architect for this project and by way of this letter you are notified of the actions taken by Simons with respect to delinquent payments due to Simons Hauling Co., Inc. Simons Hauling Co., Inc. has placed a Mechanics Lien against the above listed project for outstanding money due Simons for work completed for Stony Point Land, Inc including retainage as required by the contract. This project is located in the City of Richmond on Cherokee Road. Simons has not received payment for work that dates back to April of 2008 which includes change orders for additional work required beyond the original scope.

This letter is to serve as notice of action taken by Simons to protect our interest and receive full payment for services and materials supplied for this project. If you should have any questions or I can be of further assistance then feel free to contact me at (804)222-6222.

Sincerely,

Joseph A. Simons, IV
Vice President

W/ Attachments
CC: Lynn Tickle, Franklin Federal Savings & Loan Assoc.
B.H. Hubbard, Hubbard, Terry & Kopcsak
Mark Putney, Stony Point Land Inc.



• Roadway Construction • Airport Development • Sitework, Excavation & Utilities
• Woodwaste Recycling • Concrete Recycling • Construction & Debris Landfill

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

STONY POINT LAND, INC.    )
                                   )
      Petitioner/Applicant,    )
                                   )
v.                              )     Case No. CL08-4029-6
                                   )
SIMONS HAULING CO., INC.   )
                                 )
      Respondent.         )
——————————————————)

## ORDER GRANTING APPLICATION TO RELEASE MECHANIC'S LIENS

This matter is before the Court on the Amended Application of Stony Point Land, Inc. ("Applicant"), by counsel, for permission to pay into Court an amount of money sufficient to discharge certain mechanic's liens and claims recorded by Simons Hauling, Co., Inc. ("Simons") on certain real property ("the Property") in the Riverwatch Subdivision ("the Subdivision") located in the City of Richmond, Virginia.

And it appearing to the Court that Simons has recorded the following Mechanic's Liens and claims ("the Mechanic's Liens") with respect to the Property:

1. A Memorandum for Mechanic's Lien in the principal amount of $178, 670.57 recorded August 8, 2008, Instrument No. 08-21621;

2. A Memorandum for Mechanic's Lien in the principal amount of $178, 670.57 recorded August 15, 2008, Instrument No. 08-22297; and

3. A Memorandum of Disclosure in the total principal amount of $178,670.57, but apportioned to certain Lots and Common Areas in the Riverwatch Subdivision.



And it further appearing that each of the Mechanic's Liens is in the identical principal amount of $178,670.57. And it further appearing that each of the Mechanic's Liens pertains to the identical claim of Simons against Amended Applicant for amounts purportedly owed pursuant to a certain contract between Simons and Applicant. And it further appearing that Notice of the Application was given to Simons as required by Section 43-71 of the Virginia Code. And it further appearing that good cause exists to grant this Amended Application.

Accordingly, the Amended Application is GRANTED. And it is ORDERED that Applicant be, and is hereby, permitted to post with the Court the amount of $178,670.57 in immediately available funds with the Clerk of this Court ("the Funds") for the release of the Mechanic's Liens. And it is further ORDERED that, the Funds having been submitted to the Court, the Mechanic's Liens filed in the Clerk's Office by Simons and recorded as Instrument Nos. 08-21621, 08-22297 and 08-22298, respectively, be and are hereby released in accordance with the provisions of VA. CODE §43-71. And it is further ORDERED that the Clerk note the release of each of the Mechanic's Liens in the records of this Court. And it is further ORDERED that the Funds be held in this Court pending a determination and/or resolution of the validity of the Mechanic's Liens.

And it is further ORDERED that this matter is continued generally.

Enter 9 / 17 / 08

JUDGE

A Copy,
Teste: DEVILL M. DEAN, CLERK
BY: _____ D.C.

I ASK FOR THIS:

Philip C. Baxa
MercerTrigiani LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209

     Counsel for Stony Point Land, Inc.

R0007170

VIRGINIA:

IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

STONY POINT LAND, INC.    )
                               )
        Applicant,        )
                               )
v.                           )     Case No. CL08-4029-6
                               )
SIMONS HAULING CO., INC.   )
                               )
        Respondent.     )
_____)

## ORDER GRANTING MOTION TO REDUCE DEPOSIT

This matter came before the Court on December 18, 2008, on the Motion of Applicant Stony Point Land, Inc. ("Stony Point"), by counsel, to reduce the amount of money held on deposit with the Court ("the Deposit") to discharge certain mechanic's liens and claims recorded by Simons Hauling Co., Inc. ("Simons") on certain real property ("the Property") in the Riverwatch Subdivision ("the Subdivision") located in the City of Richmond, Virginia. And it appearing to the Court that Simons recorded the following mechanic's liens and claims ("the Mechanic's Liens") with respect to the Property:

1. A Memorandum for Mechanic's Lien in the principal amount of $178, 670.57 recorded August 8, 2008, Instrument No. 08-21621;

2. A Memorandum for Mechanic's Lien in the principal amount of $178, 670.57 recorded August 15, 2008, Instrument No. 08-22297; and

3. A Memorandum of Disclosure in the total principal amount of $178,670.57, but apportioned to certain Lots and Common Areas in the Riverwatch Subdivision.

1



And it further appearing that each of the Mechanic's Liens is in the identical principal amount of $178,670.57. And it further appearing that each of the Mechanic's Liens pertains to the identical claim of Simons against Stony Point for amounts purportedly owed pursuant to a certain contract between Simons and Stony Point. And it further appearing that, by Order entered September 17, 2008 ("the 9/17/08 Order"), the Court permitted Stony Point to deposit $178,670.57 in immediately available funds to release the Mechanic's Liens ("the Deposit").

And it further appearing that the amount in dispute regarding the Mechanic's Liens has been reduced a) by $33,250.00 by direct payment of such amount by Stony Point to Spanish Quality Concrete, a subcontractor of Simons with respect to the Property; and b) by an additional $14,024.23 by direct payment of such amount by Stony Point to Martin Marietta Materials, a subcontractor/supplier of Simons with respect to the Property. And it further appearing that Stony Point has asked that the amount of the Deposit be reduced by $47,274.23, representing the direct payment of $33,250.00 to Spanish Quality Concrete and the direct payment of $14,024.23 to Martin Marietta Materials, and that accordingly, the Court refund $47,274.23 of the amount of the Deposit to Stony Point. And it further appearing that good cause exists to grant the Motion. And it further appearing that Simons does not oppose the Motion.

Accordingly, the Motion is GRANTED. And it is ORDERED that the amount of the Deposit with the Clerk of this Court for the release of the Mechanic's Liens pursuant to the 9/17/08 Order be reduced from $178,670.57 to $131,396.34. And it is further ORDERED that $47,274.23 of the funds on Deposit with the Court shall be remitted to Stony Point. And it is further ORDERED that the Clerk shall issue a check in the amount of $47,274.23 payable to Stony Point Land, Inc., and send it to Philip C. Baxa, MercerTrigiani LLP, 16 South Second Street, Richmond, Virginia 23219, counsel for Stony Point. And it is further ORDERED that

2

the remaining Deposit be held in this Court pending a determination and/or resolution of the validity of the Mechanic's Liens.

And it is further ORDERED that this matter is continued generally.

Enter 1/13/2009

_____

JUDGE

I ASK FOR THIS:

_____

Philip C. Baxa
MercerTrigiani LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
        Counsel for Stony Point Land, Inc.

SEEN AND AGREED:

_____

Michael L. Donner, Sr.,
Hubbard, Terry & Britt
293 Steamboat Road
P.O. Box 340
Irvington, Virginia 22480
        Counsel for Simons Hauling Co., Inc.

R0007465

3

**Exhibit 2**

VIRGINIA:

## IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

|  |  |  |
|---|---|---|
| SIMONS HAULING CO., INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CL760 CL09000696 |
| | ) | |
| | ) | |
| STONY POINT LAND, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

RECEIVED & FILED
CIRCUIT COURT

MAR 1 6 2009

BEVILL M. DEAN, CLERK
BY _____ D.C.

## DEFENDANT'S ANSWER AND COUNTERCLAIM
## IN RESPONSE TO PLAINTIFF'S COMPLAINT

Defendant Stony Point Land, Inc. ("Defendant" or "Stony Point"), by counsel, states as follows for its Answer and Counterclaim in Response to the Complaint of Plaintiff Simons Hauling Co., Inc. ("Plaintiff" or "Simons").

## ANSWER

1. Defendant admits to the allegations in paragraph 1 of the Complaint.

2. Defendant does not have sufficient information to admit or deny the allegations in paragraph 2 of the Complaint, and demands strict proof thereof.

3. Defendant admits the allegations in paragraph 3.

4. Defendant does not have sufficient information to admit or deny the allegations in paragraph 4 of the Complaint, and demands strict proof thereof.

5. In response to the allegations in paragraph 5 of the Complaint, Defendant admits that it entered into a written contract with Plaintiff dated September 14, 2006 ("the Contract") Answering further, Defendant submits that the terms of the Contract speak for

EXHIBIT

2

themselves; and Defendant denies any allegations that vary from, or do not accurately reflect the terms of the Contract.

6. Defendant denies the allegations in paragraph 6 of the Complaint.

7. In response to the allegations in paragraph 7 of the Complaint, Defendant submits that the terms of the letter speak for themselves, and Defendant denies any allegations that vary from, or do not accurately reflect, the terms of the letter. Defendant denies the remaining allegations in paragraph 7 of the Complaint.

8. Defendant denies the allegations in paragraph 8 of the Complaint.

9. Defendant submits that the allegations in paragraph 9 of the Complaint refer to matters of public record, which records speak for themselves; and Defendant denies any allegations that vary from, or do not accurately reflect those records.

10. Defendant has insufficient information to admit or deny the allegations in paragraph 10 of the Complaint, and demands strict proof thereof.

11. Defendant submits that the allegations in paragraph 11 of the Complaint refer to matters of public record, which records speak for themselves; and Defendant denies any allegations that vary from, or do not accurately reflect those records.

12. Defendant admits the allegation in paragraph 12 of the Complaint that this action was filed within six months of August 15, 2008.

13. All allegations not specifically admitted are denied.

14. Defendant denies that it is indebted to Plaintiff in the amount sued for, or in any amount.

15. Defendant denies that Plaintiff performed its obligations under the Contract and further denies that Plaintiff performed its obligations in a timely and workmanlike manner.

16. Defendant affirmatively asserts that Plaintiff failed to perform its obligations under the contract in a timely and workmanlike manner.

17. Plaintiff's action is barred by the doctrines of waiver and estoppel.

18. Plaintiff is barred from recovering under the Contract by its own breach of the Contract.

19. Defendant is excused and discharged by Plaintiff's breaches from further performance of any contractual obligations.

20. Defendant denies that Plaintiff has, or had, a valid and properly perfected mechanic's lien claim.

21. Defendant denies that Plaintiff is entitled to recover any of the amounts on deposit regarding this matter.

22. Defendant has offsets and counterclaims to any amounts sought by Plaintiff.

WHEREFORE, Defendant asks that Plaintiff's action be dismissed with prejudice, and that Plaintiff take nothing from this case, and that the Court release the amounts on deposit with the Court regarding the subject project to Defendant. Defendant also asks for an award of its costs, expenses and attorney's fees.

## COUNTER-CLAIM

Defendant Stony Point Land, Inc., by counsel, states as follows for its Counterclaim against Plaintiff Simons Hauling Company, Inc.

1. Defendant entered into a contract with Plaintiff dated December 14, 2006 ("the Contract"), regarding the Riverwatch Subdivision Project in the City of Richmond, Virginia ("the Project").

2. Pursuant to the Contract, Plaintiff was the General Contractor on the Project.

3. Plaintiff breached the Contract by, among other things, failing to perform its obligations under the Contract in a timely fashion; and/or by failing to perform in a workmanlike manner; and/or for numerous delays in the performance of its contractual obligations.

4. Defendant has performed all of its obligations under the Contract.

5. Plaintiff's failure to perform its obligations under the Contract in a timely fashion, and its breach of the Contract, and its numerous delays in the performance of its contractual obligations, have caused injury and damage to Defendant.

6. Plaintiff is liable to Defendant in an amount in excess of $375,000 as a result of Plaintiff's breach of the Contract, and its failure to perform its obligation under the Contract in a timely fashion, and its delays in the performance of its contractual obligations.

7. Defendant is entitled to judgment against Plaintiff in an amount in excess of $375,000. Defendant is also entitled to have all amounts remaining on deposit with the Court regarding the Project released to Defendant.

WHEREFORE, Defendant asks this Court for judgment against Plaintiff Simons Hauling Co., Inc., in an amount in excess of $375,000, plus prejudgment and post-judgment interest, plus the costs of this action. Defendant further asks that Plaintiff take nothing from its Complaint, and that Plaintiff's claims be dismissed with prejudice. Defendant further asks that the Court determine that Plaintiff did not have a valid or properly perfected mechanic's lien, and that the amounts on deposit with this Court related to the project at issue be released to Defendant. Defendant further asks for recovery of its costs, expenses and attorney's fees. Defendant asks for such other relief as is necessary and appropriate.

STONY POINT LAND, INC.

_[signature]_

Counsel

Philip C. Baxa, Esquire, VSB No. 22977
MERCERTRIGIANI LLP
16 South Second Street
Richmond, Virginia 23219
Tel: 804-782-8691
Fax: 804-644-0209
    Counsel for Defendant

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer to Complaint and Counterclaim was sent via regular mail, postage prepaid, this 16th day of March 2009, to the following parties.

    Michael L. Donner, Sr. Esq.
    Hubbard, Terry & Britt, P.C.
    293 Steamboat Road
    P.O. Box 340
    Irvington, Virginia 22480

    _[signature]_

R0008012

# Exhibit 3

**VIRGINIA:**

## IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

**SIMONS HAULING CO., INC.,**

   **Plaintiff,**

v.                                                    Case No: CL09-696

**STONY POINT LAND, INC.,**

   **Defendant.**

### PLAINTIFF'S ANSWER TO DEFENDANT'S COUNTERCLAIM

The plaintiff, Simons Hauling Co., Inc., by counsel, answers the Counterclaim of the defendant, Stony Point Land, Inc., as follows.

1.      The plaintiff admits the factual allegations in ¶¶1-2 of the Counterclaim.

2.      The plaintiff denies the factual allegations in ¶¶3-7 of the Counterclaim.

WHEREFORE having fully answered the defendant's Counterclaim, the plaintiff moves to dismiss the defendants's Counterclaim and for an award of its costs expended and attorney's fees.

                              **SIMONS HAULING CO., INC.**

                              By: _Michael L. Donner, Jr._
                                                 Of Counsel

Michael L. Donner, Sr., Esquire (VSB# 40958)
Counsel for the Plaintiff
Hubbard, Terry & Britt, P.C.
293 Steamboat Road
P.O. Box 340
Irvington, Virginia 22480
Telephone: (804) 438-5522
Facsimile: (804) 438-5003


EXHIBIT
3

1

## CERTIFICATE OF SERVICE

I served a copy of this pleading on Philip C. Baxa, Esquire, counsel for the defendant, at MercerTrigiani, LLP, 16 South Second Street, Richmond, Virginia 23219, by first-class mail, postage prepaid, on ~~March~~ and April 3, 2009.

Michael L. Donner, Sr., Esquire

**Exhibit 4**

VIRGINIA:

## IN THE CIRCUIT COURT OF THE CITY OF RICHMOND

SIMONS HAULING CO., INC.      )
                              )
    Plaintiff,          )
                              )
v.                            )    Case No.:  CL760 CL09000696
                              )
STONY POINT LAND, INC.        )
                              )
    Defendant.          )
                              )

## NOTICE OF BANKRUPTCY

Notice is hereby given that on March 12, 2010, Defendant Stony Point Land, Inc. filed a

petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy

Court for the Eastern District of Virginia, Richmond Division, Case No. 10-31740-KRH.

STONY POINT LAND, INC.

Of Counsel

Philip C. Baxa, Esquire (VSB No. 22977)
MercerTrigiani LLP
16 South Second Street
Richmond, VA  23219
Tel: 804-782-8691
Fax: 804-644-0209
phil.baxa@mercertrigiani.com

    Counsel for Defendant

RECEIVED & FILED
CIRCUIT COURT
APR 0 5 2010
BEVILL M. DEAN, CLERK
BY_____ D.C.

EXHIBIT
4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Notice was sent via regular mail, postage prepaid, this ___ day of April, 2010, to the following parties.

Michael L. Donner, Sr., Esquire
Hubbard, Terry & Britt, P.C.
293 Steamboat Road
P.O. Box 340
Irvington, Virginia 22480

R0010274