UNITED STATES BANKRKUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STONY POINT LAND, INC., ) | |
| ) | Case No. 10-31740-KRH |
| Debtor. ) | Chapter 11 |
| _____ ) | |
| STONY POINT LAND, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 10-03104-KRH |
| v. ) | Adversary Proceeding |
| ) | |
| SIMONS HAULING COMPANY, INC., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## MOTION TO COMPEL DISCOVERY AND MEMORANDUM, AND NOTICE OF HEARING

Stony Point Land, Inc. (the "Debtor" or "Stony Point"), by counsel, pursuant to Rule 7026 and 7037 of the Federal Rules of Bankruptcy Procedure, moves this Court for an order compelling Simons Hauling Company, Inc. ("Simons") to respond immediately to written discovery served by Stony Point and to make Initial Disclosures. Stony Point further asks the Court and award of its expenses and attorneys' fees in connection with this motion. In support of its Motion, Stony Point states as follows:

1. Debtor Stony Point Land, Inc. filed its Voluntary Petition in this matter under Chapter 11 of the United States Bankruptcy Code on March 10, 2010.

2. At the time that the Chapter 11 Petition was filed, Stony Point was a party in two separate actions pending in the Circuit Court for the City of Richmond in which Simons Hauling Company, Inc. was the opposing party (the "Richmond Litigation").

3. In June, 2010, Stony Point removed those actions to this Court.

4. Prior to the removal of those actions, Stony Point had served written discovery on Simons. The discovery consisted of Interrogatories and Request for Production of Documents, which were sent to counsel for Simons by mail in March, 2009.

5. Simons failed to respond to that written discovery. Simons also failed to respond to Stony Point's inquiries concerning the failure to provide discovery responses.

6. A Pretrial Conference in this matter was held on August 3, 2010. Simons failed to appear at the Pretrial Conference.

7. Pursuant to the Pretrial Order entered by the Court, Stony Point timely made its Initial Disclosures in this matter on August 20, 2010.

8. Simons has failed to make its Initial Disclosures in this matter.

9. On September 8, 2010, Stony Point served written discovery on counsel for Simons. The written discovery consisted of essentially the same Interrogatories and Request for Production of Documents which had been sent to Simons in the Richmond Litigation in March, 2009, but for which no response was ever made.

10. Counsel for Stony Point contacted counsel for Simons concerning its failure to make disclosures and provide responses to discovery in this matter.

11. Notwithstanding inquiries by Stony Point, Simons still has not made its Initial Disclosures nor filed any response whatsoever to the discovery.

12. Exhibit 1 hereto is the written discovery served by Stony Point in this matter.

13. Counsel for Simons was permitted to withdraw from this adversary proceeding by Order entered October 27, 2010.

14. In the circumstances, Stony Point is entitled to an order compelling Simons a) to respond immediately to the written discovery in this matter, and b) to make its Initial Disclosures.

15. Stony Point is also entitled to an award of its expenses and attorneys' fees in preparing this motion and appearing at the hearing thereon.

16. Stony Point also asks this Court to enter an order prohibiting Simons from presenting any evidence or producing any witnesses given its failure to provide the documents and information requested, and for failing to make Initial Disclosures.

WHEREUPON, Debtor Stony Point Land, Inc. asks that its motion be granted and that the Court enter the appropriate order compelling discovery, including production of documents and answers to interrogatories, and Initial Disclosures. Stony Point further asks for an award of its expenses and attorneys' fees and for such other relief as is necessary and appropriate.

## NOTICE

Stony Point Land, Inc. has filed this Motion to Compel Discovery on November 16, 2010.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not wish the Court to grant the relief sought in the motion, or if you want the court to consider your views on the motion, then on or before SEVEN (7) days prior to the date of the hearing on this Motion, you must:

1. File with the court, at the address shown below, a written response to the Motion pursuant to Local Bankruptcy Rule 9013-1(H). If you mail your response to the court for filing, you must mail it early enough so that the court will receive it on or before **December 1, 2010**. Unless a written response is filed and served as provided herein, the Court may deem any opposition waived, treat the Motion as conceded, and issue an order granting the requested relief.

Clerk of the Court
United States Bankruptcy Court

U.S. Bankruptcy Court
701 East Broad Street
Richmond, VA 23219

2. You must also mail a copy of your response to:

W. Clarkson McDow, Jr.
Office of the U. S. Trustee
701 E. Broad St., Suite 4304
Richmond, VA 23219

Philip C. Baxa, Esquire
Sands Anderson PC
1111 E. Main Street, 24th Floor
Richmond, VA 23219

3. Attend the hearing scheduled to be held on **December 8, 2010 at 11:00 a.m.** at United States Bankruptcy Court, 701 East Broad Street, Room 5000, Richmond, VA 23219.

4. If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Submitted: November 16, 2010          **STONY POINT LAND, INC.**

By:    /s/  Philip C. Baxa
Philip C. Baxa, Esquire (VSB No. 22977)
Sands Anderson PC
P.O. Box 1998
1111 E. Main Street, 24th Floor (23219)
Richmond, VA 23218-1998
Tel: (804) 783-7235
Fax: (804) 783-7291

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 16th day of November 2010, a true and correct copy of the foregoing Motion to Compel Discovery and Memorandum, and Notice of Hearing was electronically filed with the Clerk of the Court for the Eastern District of Virginia, using the CM/ECF system, which thereby caused the above to be served electronically on all registered users of the ECF system that have filed notices of appearance in this matter, and mailed, by U.S. Mail, first class, postage prepaid, to the following:

>Michael L. Donner, Sr. Esq.
>Hubbard, Terry & Kopcsak, P.C.
>Irvington Professional Offices
>293 Steamboat Road
>P.O. Box 340
>Irvington, Virginia 22480
>
>Stony Point Land, Inc.
>1927 Hanover Avenue
>Richmond, VA 23220
>
>Simons Hauling Company, Inc.
>c/o Joey Simons
>P.O. Box 7733
>Richmond, VA 23231
>Served by email also to: joey@simonsinc.com
>
>Simons Hauling Company, Inc.
>c/o Joey Simons
>4510 Oakleys Lane
>Richmond, VA 23231
>     *Pro se*

/s/ Philip C. Baxa