UNITED STATES BANKRKUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| STONY POINT LAND, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-03104-KRH ) Adversary Proceeding |
| SIMONS HAULING COMPANY, INC., | ) ) ) |
| Defendant. | ) ) |

## PLAINTIFF STONY POINT LAND, INC.'S FIRST INTERROGATORIES AND FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SIMONS HAULING, INC.

Stony Point Land, Inc. ("Plaintiff" or "Stony Point"), by counsel, propounds the following Interrogatories and Request for Production of Documents to Plaintiff Simons Hauling Co., Inc. ("Simons"), in accordance with Rules 7034, 7036 and 9014 of the *Federal Rules of Bankruptcy Procedure*. The interrogatories are to be answered under oath within thirty days or at such other time and place as may be agreed upon by counsel.

Prior to removal of this litigation, the discovery was served on counsel for Simons, but was not responded to.

### Instructions and Definitions

"*Communication*" means any oral, electronic or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including, but not limited to, correspondence, understandings or exchanges of information between or among two or more persons. The term "*document" or "documents"* shall be given the fullest interpretation allowable under the applicable discovery rules ("the Rules"). Without limiting the foregoing, "documents" means any form of data compilations, including written, printed, typed, drawn, punched, taped, filmed, recorded, or graphic matter, that you possess, control or have custody of, or have the right to obtain upon request or demand. This definition includes all copies, reproductions, or facsimiles of documents by whatever means made. If copies of a document are

**EXHIBIT 1**

not identical for any reason, including handwritten notations, initials or identification marks, each non-identical copy is a separate document within the meaning of this definition. With respect to any document created on a word processor, electronic mail system or the automated information management system, each version of the document and all "document summary" and "document history". Information maintained with respect to such document by the word processor, electronic mail system or automated information management system is a separate document within the meaning of this definition.

*"Identify"* shall mean:

(a) with respect to a natural person: (1) to state his or her full name; (2) to state his or her home telephone number and home address with sufficient specificity to permit service of process thereon; (3) to state his or her business telephone number and business address with sufficient specificity to permit service of process thereon;

(b) with respect to a corporation, partnership or other business entity: (1) to state the name of the corporation, partnership or other business entity; (2) to state such entity's president, general partners, or other owners; (3) to state such entity's business address; and (4) to identify such entity's registered and/or statutory agent for service of process.

*"Person"* means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, or other units therein, and includes, but is not to be limited to, a public or private corporation, partnership, joint venture, voluntary or unincorporated association, organization, proprietorship, trust, estate, governmental agency, commission, bureau or department.

If you withhold under the claim of privilege any documents covered by this request, you are requested to furnish a list specifying each document for which the privilege is claimed, together with the following information, where appropriate, with respect to each such document: date, author, recipient, persons to whom copies were furnished, basis on which the privilege is claimed, the paragraph or subparagraph of this request to which each document responds, and a sufficient description of the subject matter of the document (without disclosing its contents) to allow the court to rule on the claim of privilege.

For each requested document that is no longer in existence or which cannot be located, identify the document, state when and how it passed out of existence or why it can no longer be located and the reasons therefore, and identify each person having knowledge concerning such document and what has happened to it.

Answers to interrogatories must be supplemented in accordance with the applicable Rules.

## INTERROGATORIES

1. State the names of all owners and/or persons employed by Simons who were involved in any part of the construction performed by or for Stony Point on the Riverwatch Subdivision Project in the City of Richmond, Virginia that is the subject of this action ("the Project"). In addition, state the task or responsibility of each such person.

**ANSWER:**

2. List the names and addresses of all subcontractors of Simons who performed work or provided labor or materials ("the Work") on the Project ("the Subcontractors"). In addition, state the nature of the work each Subcontractor performed and/or provided, and the dates during which such Work was performed and/or provided.

**ANSWER**:

3. For each Subcontractor on the Project:

   a) state the date and amount of each invoice for services and/or materials at the Project;

   b) state the date and amount of each payment for services and/or materials to the Project; and

   c) state the amounts that you believe remain due to each such Subcontractor and/or Supplier on the Project.

   **ANSWER:**

4. a) Identify all expert witnesses you have engaged to testify at the trial of this cause.

b) State the substance of any opinion testimony that the expert is expected to give at the trial of this cause, and the bases and reasons therefore.

c) State the specific facts and data considered in forming such opinions.

**ANSWER:**

5.  State the name and address of all persons having knowledge of the facts alleged in the Complaint filed by Stony Point regarding the Project, and/or who have knowledge of the work performed by or for Simons at the Project. For each such person, state generally the topics of which such person has knowledge.

**ANSWER:**

6.  a) State the date and amount of each invoice, Application for Payment, or other request for funds submitted by or on behalf of Simons to Stony Point in connection with the Project.

    b) State the date and amount that Simons contends remains due on the Project, and describe the calculation of such amount, including all items included therein.

    **ANSWER:**

7. a) Describe and itemize in full and complete detail all of the Work that Simons and/or its Subcontractors performed at the Project, and all of the materials that Simons and/or its Subcontractors or Suppliers provided to the Project, including estimation of the percentage of completion of the Project at the time Simons last performed work at the Project.

b) Describe and itemize in full and precise detail all of the labor and materials that you believe remained to be provided to, and/or performed at, the Project as of the last date that Simons provided any labor or materials.

**ANSWER:**

8. For the entire period during which Simons was providing any labor and materials to the Project,

   a) list each project, other than the Riverwatch Project, in which Simons was providing any labor or materials; and

   b) For each such other project, state the approximate dates during which Simons performed work or provided materials to such project.

   **ANSWER:**

# REQUEST FOR PRODUCTION OF DOCUMENTS

The instructions and definitions set forth above are incorporated herein by reference. Plaintiff Stony Point Land, Inc. ("Plaintiff" or "Stony Point"), by counsel, request that Plaintiff Simons Hauling Co., Inc. ("Simons") produce the following documents pursuant to the Rules of the Supreme Court of Virginia. The documents should be produced at the offices of the undersigned counsel, during normal business hours. The documents requested are the following:

1. All documents related to the construction project at the Riverwatch Subdivision in the City of Richmond ("the Project") which is the subject of this litigation.

2. A copy of the contract which was signed and agreed to between the parties regarding this Project ("the Contract").

3. All documents related to the Project and the Contract, including all agreements, notices, correspondence, permits, invoices, applications for payment, requests for payment, logs, plans, specifications, purchase orders, mechanic's liens, notices of lien, job cost reports, payroll records, ledgers, accounts payable reports and records, notes, reports, diaries, daily or periodic reports, minutes, agendas schedules, subcontracts, proposals and memoranda.

4. All plans and specifications related to the Project.

5. All invoices related to the Contract and/or the Project.

6. All documents related to any payments made by or to, or on behalf of, Stony Point on the Project, including ledgers, jobs cost reports, bank statements, check registers and cancelled checks.

7. All documents which relate to, or establish, the use of the Payments received on the Project, including ledgers, deposit slips, bank statements, check registers and invoices.

**STONY POINT LAND, INC.**

By: _____/s/ Philip C. Baxa_____

Philip C. Baxa, Esquire (VSB No. 22977)
Sands Anderson PC
P.O. Box 1998
1111 E. Main Street, 24th Floor (23219)
Richmond, VA 23218
Tel: 804-783-7235
Fax: 804-783-7291
Email: pbaxa@sandsanderson.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Interrogatories and Request for Production of Documents was sent via overnight delivery, this 8th day of September, 2010, to the following parties:

>Michael L. Donner, Sr. Esq.
>Hubbard, Terry & Kopcsak, P.C.
>Irvington Professional Offices
>293 Steamboat Road
>P.O. Box 340
>Irvington, Virginia 22480