UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | | |
|---|---|---|
| IN RE: | STONY POINT LAND, INC. | Case No. 10-31740-KRH |
| | | Ch. 11 |
| | Debtor. | |
| SIMONS HAULING COMPANY, INC. | | Adv. Proc. No. 10-03104-KRH |
| | Plaintiff | |
| v. | | |
| STONY POINT LAND, INC. | | |
| | Defendants. | |

## ORDER ESTABLISHING MEDIATION PROTOCOL

This matter comes before the Court on the Joint Motion for Referral to Settlement Conference (the "Joint Motion") filed by Simons Hauling Company, Inc. and Stony Point Land, Inc. (collectively the "Parties to the Mediation") pursuant to LBR 9019-1 and Rule 83.6 of the Local Rules of Practice of the United States District Court for the Eastern District of Virginia. Hearing was conducted on February 7, 2011, at which time respective counsel for the Parties to the Mediation presented argument on the Joint Motion.

In consideration whereof, it is

**ORDERED** that the Joint Motion is **GRANTED**; and it is further

**ORDERED** that the Parties to the Mediation **SHALL ATTEND** a mediation as defined in the attached Exhibit A (the "Mediation Protocol").

ENTERED: Feb 8 2011

　　　　　　　　　　　　　　　　　　　　　／s/ Kevin R. Huennekens
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: Feb 8 2011

Copies to:

**Simons Hauling Company, Inc.**
c/o Joey Simons
P.O. Box 7723
Richmond, VA 23231

**Stony Point Land, Inc.**
1927 Hanover Avenue
Richmond, VA 23220

**David Gerard Browne**
Meyer, Goergen & Marrs
7130 Glen Forest Drive, Suite 305
Richmond, VA 23226

**Jeffrey H. Geiger**
Sands Anderson, P.C.
1111 East Main Street, Suite 2400
Richmond, VA 23219

EXHIBIT A

**MEDIATION PROTOCOL FOR ADVERSARY PROCEEDING 10-03104-KRH**

1. **Participation.**

   a. Unless otherwise ordered by the United States Bankruptcy Court (the "Court"), for cause shown, counsel for and a representative with full settlement authority of each of the Parties to the Mediation, as defined in the Protocol Order dated February 8, 2011, shall attend the Mediation.

   b. Any other party to the litigation may participate in the Mediation under the same terms set forth in this Mediation Protocol for Parties to the Mediation after filing a notice with the Court, advising each of the existing Parties to the Mediation of the party's desire to participate in the mediation, and notifying the mediator. At such point, such party will be deemed a Party to the Mediation.

2. **Mediator.** The Court shall appoint a mediator (the "Mediator") pursuant to Rule 83.6 of the Local Rules of Practice of the United States District Court for the Eastern District of Virginia ("Local Rule 83.6") to attempt to resolve the litigation issues at mediation.

3. **Mediation.**

   a. As soon as practicable following the appointment of the Mediator, the Parties to the Mediation shall participate in a status conference with the Mediator to discuss issues related to the Mediation, including but not limited to the scheduling of dates for the Mediation and the Mediator's preferred practices regarding mediation statements and other submissions.

   b. The Mediation shall be non-binding and shall take place at a location and time mutually agreeable to the Mediator and the Parties to the Mediation.

   c. The Parties to the Mediation shall provide confidential position statements and settlement proposals (the "Mediation Statements") to the Mediator in the form, manner, and at such time as the Mediator requests.

   d. Any statements made during Mediation shall not be disclosed to any person other than to other Parties to the Mediation and the Mediator and shall not be admissible in any proceeding before the Court, or any other court, pursuant to Rule 408 of the Federal Rules of Evidence and Section (E) of Local Rule 83.6.

   e. Upon the conclusion of the Mediation, the Parties to the Mediation shall provide a report to the Court on the results of the Mediation.

   f. Each Party to the Mediation shall bear its own costs.

g. None of the established dates for the trial set forth in the Pre-Trial Order of December 14, 2010, including the scheduled trial date, will be suspended as a consequence of the Mediation.

4. **<u>Reservation of Rights</u>.**

    a. Nothing contained herein shall prejudice the rights of any party.

    b. By participating in the Mediation, Parties to the Mediation are not waiving their rights to bring any claims or defenses or seek additional discovery on issues raised in connection with the Mediation in the event and/or to the extent that the Mediation does not result in a final settlement.

    c. By participating in the Mediation, neither any of the Parties to the Mediation, nor any of their respective counsel or professional advisors, assumes any duty to the Debtor, or to any person, or entity other than its own client or, subject to the terms of this Order, waives any right to seek alternative relief from the Court.

    d. The Court shall retain jurisdiction over any matters related to or arising from the Mediation.