UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: STONY POINT LAND, INC.  )
　　　　　　　　　　　　　　　　）　　Case No. 10-31740-KRH
　　　　　　　　　　　　　　　　）　　Chapter 11
　　　　　　　　　Debtor.　　　　）
_____）
　　　　　　　　　　　　　　　　）
SIMONS HAULING COMPANY, INC.　　）
　　　　　　　　　　　　　　　　）
　　　　　　　　　Plaintiff,　　　）
　　　　　　　　　　　　　　　　）
v.　　　　　　　　　　　　　　　 ）　　Case No. 10-03104-KRH
　　　　　　　　　　　　　　　　）　　Adversary Proceeding
STONY POINT LAND, INC.　　　　　）
　　　　　　　　　　　　　　　　）
　　　　　　　　　Defendant.　　　）

# CONSENT ORDER

THIS DAY came Stony Point Land, Inc. ("Stony Point") and Simons Hauling Company, Inc. ("Simons"), by counsel, and agreed that, pursuant to Rule 7042 of the Federal Rules of Bankruptcy Procedure and Rule 42 of the Federal Rules of Civil Procedure, the matters of *Simons Hauling Company, Inc. v. Stony Point Land, Inc*., case number 10-03104-KRH and *Stony Point Land, Inc. v. Simons Hauling Company, Inc*., case number 10-03105-KRH, involve common issues of law and fact, and should be consolidated and heard together.

David G. Browne (VSB No. 65306)
Meyer, Goergen & Marrs, P.C.
1802 Bayberry Court, Suite 200
Richmond, VA 23226
Telephone: (804) 622-1233
Facsimile: (804) 565-1233
browne@mgm-law.com
*Counsel for Simons Hauling Company, Inc.*

In consideration of these representations, the consent of the parties, the pleadings, and the record before the Court, the Court finds as follows:

1. Stony Point filed its voluntary petition under Chapter 11 on or about March 12, 2010. Prior to that date, two separate, successive lawsuits had been filed in state court in the Circuit Court for the City of Richmond. Each of these two lawsuits pertained to the same or similar underlying disputes between Stony Point and Simons arising out of Simons' work as a contractor for Stony Point at a land development project along the James River in the City of Richmond, known as "Riverwatch."

2. Both of these cases filed in state court were removed to this Court on or about June 9, 2010, pursuant to 28 U.S.C. § 1452(a), and remain on the docket as separate matters as set forth above.

3. Stony Point and Simons are in agreement that these two separate proceedings concern the same underlying disputes and issues, and involve common issues of law and fact. The parties further agree that it would be in the interests of the parties and in the interests of judicial efficiency to consolidate these two cases.

Upon consideration of the foregoing, the consent of the parties, and for good cause shown, it is hereby **ORDERED** that the matters of *Simons Hauling Company, Inc. v. Stony Point Land, Inc.*, case number 10-03104-KRH and *Stony Point Land, Inc. v. Simons Hauling Company, Inc.*, case number 10-03105-KRH, shall be consolidated into one matter, and that all issues shall be heard and tried as one action.

DATE: _____        _____
                                    Kevin R. Huennekens
                                    United States Bankruptcy Judge

ENTERED ON DOCKET: _____

I ask for this:

_____/s/ David G. Browne_____

David G. Browne (VSB No. 65306)
Meyer, Goergen & Marrs, P.C.
1802 Bayberry Court, Suite 200
Richmond, VA 23226
Telephone: (804) 622-1233
Facsimile: (804) 565-1233
browne@mgm-law.com
*Counsel for Simons Hauling Company, Inc.*

Seen and Agreed:

_____/s/ Jeffrey H. Geiger_____ (By David G. Browne with permission from
                                       Jeffrey H. Geiger via E-Mail)

Jeffrey H. Geiger (VSB No. 40163)
Sands Anderson P.C.
Post Office Box 1998
Richmond, VA 23218-1998
804-648-1636
804-783-7291 (fax)
jgeiger@sandsanderson.com
*Counsel for Stony Point Land, Inc.*

**Local Rule 9022-1(C) Certification**

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

/s/ David G. Browne, Esq._____

**PARTIES TO RECEIVE COPIES**:

Copy to:	David G. Browne, Esq.
	Meyer, Goergen & Marrs, P.C.
	1802 Bayberry Court, Suite 200
	Richmond, VA  23226
	*Counsel for Simons Hauling Company, Inc.*

	Jeffrey H. Geiger, Esq.
	Sands Anderson P.C.
	Post Office Box 1998
	Richmond, VA 23218-1998
	*Counsel for Stony Point Land, Inc.*